733 F.2d 585
 39 Fed.R.Serv.2d 261
 L.Z., a minor, etc., Appellant,
v.
Honorable John E. PARRISH, Honorable H. Dean Whipple,
Honorable Warren Dampier, Honorable Wando Moore, Honorable
John D. Bryant, Lawrence Rifenberg, Sheriff, Laclede County,
Stephen C. Dorn, Juvenile Officer, Robert C. Frazee, Deputy
Juvenile Officer, Appellees.
 No. 83-1538.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1983.
Decided May 7, 1984.
 As Amended on Denial of Rehearing and Rehearing En Banc June 12, 1984.
 
 David C. Howard, Adrienne E. Volenik, St. Louis, Mo., for appellant.
 Taylor, Stafford & Woody, O.J. Taylor, Springfield, Mo., Jack L. Miller, Lebanon, Mo., for appellees Dampier, Moore, Bryant and Rifenburg.
 Before JOHN R. GIBSON, and BOWMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 The issue before us is whether the district court[1] erred in denying a motion for relief from a final judgment pursuant to Fed.R.Civ.P. 60(a) and 60(b)(6). Plaintiff's attorneys received a copy of the district court's memorandum opinion in this action but no notice of the entry of judgment, and did not learn that final judgment had been entered until inquiring 77 days later. We conclude that the district court did not abuse its discretion and we affirm.
 
 
 2
 The district court's memorandum opinion outlined the factual background and other particulars of the complaint. The action challenged the incarceration of L.Z., a juvenile, in the Laclede County jail in Lebanon, Missouri. The complaint was brought against two state circuit judges, three administrative judges of Laclede County, the sheriff of Laclede County, and the chief juvenile officer and chief deputy juvenile officer for the judicial circuit in which Laclede County is situated. At trial, evidence showed that a new juvenile detention facility had been completed, that juveniles were no longer kept in the Laclede County jail but in the modern facility, and that in May, 1981, the Missouri Supreme Court had amended the challenged rules governing juvenile detention and detention hearings. The district court's memorandum opinion further recited that after plaintiff's and the sheriff's evidence had been presented, a consent decree was entered and all claims were dismissed, except one claim for injunctive relief, two claims for damages totaling $10,000, as well as a claim for attorney's fees.
 
 
 3
 The district court memorandum opinion then analyzed the two claims for damages. Based upon principles of judicial and qualified immunity, the court found against the plaintiff on the issue of liability for damages for detention without a probable cause hearing. The court also found against the plaintiff on the second damages claim because the evidence did not show unconstitutional conditions of confinement amounting to "cruel and inhuman" punishment. The court then denied the prayer for a permanent injunction which sought to enjoin the circuit judges from issuing detention orders without a probable cause hearing, or detaining any juveniles in the Laclede County jail. At the conclusion of its opinion, the court stated: "For the foregoing reasons, this Court finds that the plaintiff in this case is not the prevailing party and is not entitled to the allowance of attorney fees."
 
 
 4
 The memorandum opinion was filed November 3, 1982. It is undisputed that copies were mailed to all counsel and received by plaintiff's counsel. It is also undisputed that the Clerk of the District Court for the Western District of Missouri, who prepared a judgment which was filed the same day, did not mail notice of the judgment to counsel for the parties.
 
 
 5
 On February 2, 1983, plaintiff's counsel, pursuant to Fed.R.Civ.P. 60, filed a motion for entry of final judgment or alternatively a motion to extend time to allow post-judgment review. The district court denied this motion, stating that it
 
 
 6
 fails to see how its Memorandum Opinion of November 3, 1982, could be construed as anything other than a final order dismissing all the plaintiff's remaining claims, particularly when the Court denied the plaintiff an allowance for attorney's fees, a decision made at the close of a case.
 
 
 7
 With respect to the Rule 60 motion the court further stated:
 
 
 8
 In the present case, the plaintiff received a copy of the Court's Memorandum Opinion disposing of the remaining issues in the case. Furthermore, the plaintiff failed to telephone, write, or visit the Clerk's office until January 19, 1983, 77 days after the Court's November 3, 1982, Memorandum Opinion.... Plaintiff has failed to demonstrate any mitigating circumstance. He did receive a copy of the Court's Memorandum Opinion, yet failed to check about a judgment until 77 days later. The plaintiff has offered no justification or excuse for his lack of diligence in this matter.
 
 
 9
 On appeal, plaintiff argues that the entry of the November 3, 1982 judgment by the clerk contravened Local Rule 6(e) of the Western District of Missouri (1982)[2] and Fed.R.Civ.P. 77(d), both of which required the clerk to notify the parties in writing of the judgment. He further argues that neither the judgment entered by the clerk nor the court's memorandum opinion constitutes the finality required for judgment pursuant to 28 U.S.C. Sec. 1291 (1982), Fed.R.Civ.P. 54(b), and Fed.R.Civ.P. 58. Finally, assuming that the clerk's judgment was properly entered and final, he contends that he is nonetheless entitled to relief from the final judgment under Fed.R.Civ.P. 60.
 
 
 10
 As a preliminary matter, we have no difficulty in concluding that the the Opinion was a decision that "all relief shall be denied." The Memorandum opinion dismissed all of plaintiff's claims not covered in the consent decree and, moreover, denied an allowance of attorneys' fees. Accordingly, under Rule 58 the district court clerk was authorized to enter judgment, and did so.
 
 
 11
 While the clerk of the district court unquestionably has the duty under Fed.R.Civ.P. 77(d) and Local Rule 6(e) to send notice of the entry of judgment to the parties, Rule 77(d) specifically provides:Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.
 
 
 12
 This sentence was added to the Rule in 1946 in response to Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 89 L.Ed. 283 (1944), in which a judgment of the district court was vacated because the clerk had failed to give notice of the entry of judgment. Plaintiff filed no motion within the additional thirty days allowed by Fed.R.App.P. 4(a), and his efforts to appeal are clearly foreclosed under Fed.R.Civ.P. 77(d) unless relief from the final judgment is permitted.
 
 
 13
 In reviewing the court's denial of relief under Rules 60(a) and 60(b)(6), we apply the abuse of discretion standard. As we observed in Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir.1969), Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.
 
 
 14
 On appeal, plaintiff relies on Buckeye Cellulose Corp. v. Braggs Electric Construction Co., 569 F.2d 1036 (8th Cir.1978), in arguing that he is entitled to relief under Rule 60(b)(6). In Buckeye, both sides had filed motions for summary judgment which were taken under submission by the district court on January 12, 1976. Between February 1 and March 15, Buckeye's counsel inquired three times at the office of the clerk concerning the status of the case and each time was told that no judgment or order had been entered and further that the parties would be notified promptly when a decision was received. On April 1, 1976, the clerk received and filed the judgment and opinion but notified neither counsel nor the parties. Only on March 28, 1977, did counsel for both parties learn for the first time of the entry of judgment on April 1, 1976. Under these circumstances we concluded that Rule 60(b)(6) relief was appropriate because none of the parties knew of the entry of judgment, none relied upon it, and Buckeye's counsel had acted diligently in attempting to discover the status of the case.[3]
 
 
 15
 In this case, however, we have no such display of diligence by counsel or reliance upon the clerk's assurances. Counsel for plaintiff received a document, signed by the district judge and entitled "Memorandum Opinion," which in explicit terms dealt with their claims for damages, for a permanent injunction, and for attorney's fees. The memorandum opinion plainly and clearly informed them that they had lost on all claims. With that knowledge they made no effort to inquire as to the status of the case until 77 days had elapsed. Thus, the facts are far more similar to those in Morrow v. Planters' Trust and Savings Bank, 502 F.2d 520 (5th Cir.1974), which we specifically distinguished in Buckeye. In Morrow, 502 F.2d at 522-23, the Fifth Circuit denied Rule 60(b) relief because
 
 
 16
 [t]here was only a simple failure to notify Planters' by the clerk. Nothing happened to put the District Court on notice that Planters' was relying on a mistaken belief that judgment had not been entered. To permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d).
 
 
 17
 Indeed, the facts here strikingly resemble those in Kramer v. American Postal Workers Union, AFL-CIO, 556 F.2d 929, 930-31 (9th Cir.1977), where the Ninth Circuit affirmed the denial of a motion to vacate and reenter an order of dismissal to preserve rights on appeal:
 
 
 18
 [A] mere failure of the clerk of the district court to notify the appellant that judgment has been entered is insufficient to permit such relief.... Here, appellant's counsel knew that the case had been decided against his client and that a proposed order had been sent to the district court for signature. Under these circumstances, the three-month delay in contacting the court to ascertain whether judgment had been entered and the unquestioning reliance on the lack of notice were unjustified.
 
 
 19
 Likewise, because plaintiff here did not act diligently despite having notice of the adverse decision, we conclude that the district court properly denied relief under Fed.R.Civ.P. 60.
 
 
 20
 What we say does not excuse clerks of district courts of failing to comply with the mandates either of Rule 77(d) or of Local Rules requiring that notice of judgment be mailed. The mailing of a notice of final judgment together with the memorandum opinion would have prevented this controversy. We decide this case solely on the basis of the duties incumbent upon counsel when they receive from the district court a memorandum opinion that clearly disposes of the issues in litigation.
 
 
 21
 We have carefully considered the arguments presented by plaintiff on appeal. Plaintiff's counsel had clear notice of an adverse result on each of the remaining issues in the litigation, yet failed to exercise diligence. We cannot conclude that the district court abused its discretion in denying the motions for relief. We affirm.
 
 
 
 [1]
 The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri
 
 
 [2]
 The Local Rules of the Western District of Missouri have been amended as of January 1, 1983
 
 
 [3]
 The Fifth and Ninth Circuits have reached the same conclusion under circumstances similar to those in Buckeye. In Rodgers v. Watt, 722 F.2d 456 (9th Cir.1983) (en banc), the clerk of the district court failed to notify the parties of the entry of judgment on March 26, 1980. Plaintiff's counsel diligently checked the clerk's docket sheet in April, May, and June to discern whether judgment had been entered, but because the entries on the docket sheet were erroneously out of sequence, the last and presumably latest entry indicated that the matter was still under advisement. In holding that the district court did not abuse its discretion in granting relief under Rule 60(b), the Ninth Circuit emphasized the showing of due diligence by plaintiff's counsel as a determining factor. Id. at 460
 In Smith v. Jackson Tool & Die, Inc., 426 F.2d 5 (5th Cir.1970), the parties had received a written opinion. Plaintiff's counsel, with opposing counsel's agreement, asked the judge to delay entry of judgment. The court, however, entered the proposed judgment without waiting and the clerk failed to notify the parties. The Fifth Circuit held relief to be appropriate because plaintiff's attorney believed that the proposed judgment had not been acted on by the court.
 In Fidelity & Deposit Company of Maryland v. USAFORM Hail Pool, Inc., 523 F.2d 744 (5th Cir.1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976), the clerk of the court entered a judgment but failed to notify any of the parties. In affirming the entry of an order under Rule 60(b), the Fifth Circuit pointed out that
 [i]n this case, as in Jackson Tool & Die, the trial court had been in communication with counsel for the appellant regarding when judgment would actually be entered. In both cases counsel diligently sought to discover for itself the status of the case.... [Additionally, in the present case,] the district court assured counsel that his repeated inquiries were unnecessary (and, possibly, were beginning to seem repetitious), and that counsel would be informed of the entry of judgment....
 523 F.2d at 751.