Steven J. Hoffman, Law Offices of William E. Farris, Buena Park, Cal., for plaintiff-appellant.

Robin D. Wiener, Tuttle & Taylor, Los Angeles, Cal., for defendant-appellee.

**Cecil D. STEVENS, Plaintiff–Appellant,**

v.

**ITT SYSTEMS, INC., dba ITT Courier Systems, Defendant–Appellee.**

No. 87–6564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 1988.

Decided Feb. 21, 1989.

Before FLETCHER, ALARCON and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellant Cecil D. Stevens petitions this court to reverse the district court's order denying his motion under Fed.R.Civ.P. 60(b)(1) to vacate and reenter judgment so that he may timely appeal from a summary judgment entered against him. We affirm.

### I

The background facts need only be stated briefly. More details will be provided upon addressing the legal claim for relief.

In November of 1984 Cecil D. Stevens ("Stevens") sued ITT Systems, Inc. ("ITT") for wrongful termination of his employment. In July 1986 ITT moved for summary judgment. At the hearing on July 30, 1986, in the presence of Stevens' attorney, the district judge orally granted the motion and ordered ITT's counsel to prepare an order and judgment conforming to the ruling. The district judge rejected ITT's initial proposed disposition, but accepted a revised version. Stevens' attorney was served on August 7, 1986, with this version. Judgment was entered on August 20, 1986. However, the clerk's office inadvertently failed to notify either party about this entry. The district court's docket sheet did show that judgment had been entered on this date.

## II

We review the district court's decision to deny the Rule 60(b)(1) motion for an abuse of discretion. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983) (en banc). Our jurisdiction is grounded in 28 U.S.C. § 1291.

## III

Fed.R.App.P. 4(a)(1) provides that a civil litigant, in a case in which the United States is not a party, must file a notice of appeal within 30 days of entry of judgment. *See Zurich Ins. v. Wheeler*, 838 F.2d 338, 340 (9th Cir.1988). Judgment was entered on August 20, 1986; therefore, Stevens was required but failed to file notice by September 19, 1986. Nevertheless, Stevens argues that he is entitled to relief under Rule 60(b)(1), which allows the district court to vacate and reenter the summary judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).[1] The effect of granting this motion would be, in essence, to restart the appellate clock for purposes of Rule 4(a)(1). Stevens asserts that the clerk's failure to notify him of the entry of judgment against him, as required by Fed. R.Civ.P. 77(d),[2] justifies a finding of "excusable neglect" under Rule 60(b)(1).

Stevens rests his claim entirely on our en banc decision in *Rodgers*. In *Rodgers* we held that the district court did not abuse its discretion in granting a Rule 60(b) motion for relief from judgment where plaintiffs did not receive notice of judgment entered against them. In arriving at this conclusion, we emphasized the significance of plaintiffs' counsel having exercised due diligence in ascertaining whether judgment had been entered. Both parties in that case sought summary judgment, and the district judge took the matter under advisement. Two days later on March 26, 1980, the district judge entered judgment dismissing the action. The clerk of the court failed to notify the parties of the judgment. Plaintiffs' counsel sent his secretary in April, May, and June to check the docket sheet to determine the status of the case. The entries on the docket sheet were out of sequence and showed as the last entry the March 24th decision to take the matter under advisement. Because the secretary reported only the last entry, plaintiffs' counsel was not made aware of the judgment until notified on July 21, 1980, by the clerk's office. Plaintiffs immediately filed a Rule 60(b) motion, which was unopposed. The district court vacated the judgment.

Appellant's counsel in the present case did not exercise the diligence displayed in *Rodgers*. The cases are therefore distinguishable. Unlike in *Rodgers*, appellant's counsel was present to hear the district court's oral ruling granting appellee's summary judgment motion and thus immediately knew that a judgment soon would be entered against him. *See Kramer v.*

---

1. "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *L.Z. v. Parrish*, 733 F.2d 585, 588 (8th Cir.1984).

2. Rule 77(d) requires that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry ... upon each party...." The advisory committee notes make clear, however, that "notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal.... And lack of such notification in itself has no effect upon the time for appeal." *See also Wheeler*, 838 F.2d at 340 (clerk's failure to notify does not by itself give rise to "excusable neglect," but is only one factor).

*American Postal Workers Union, AFL–CIO,* 556 F.2d 929, 930–31 (9th Cir.1977) (per curiam) (fact that counsel knew case had been decided against his client considered in determining whether counsel was justified in relying on lack of notice). Despite this knowledge, he did nothing to ascertain the status of the case until September 26, 1988, a week after the time to appeal prescribed in Fed.R.App.P. 4(a)(1) had lapsed. According to his declaration, appellant's counsel spoke with a clerk of the court on September 26th and was told that there was no indication that the judgment had been filed. He took no further action for forty days, until November 5, 1986, when he called opposing counsel to inquire whether he had received notice of entry of judgment. After learning that opposing counsel did not receive notification, appellant's counsel again did nothing.[3] On November 24, 1986, opposing counsel received the belated notice of the entry of judgment and promptly sent a copy to appellant's counsel. On December 3, 1986, appellant moved the district court to extend the time to appeal under Fed.R.App.P. 4(a)(5). This motion was inappropriate under the express terms of that rule and thus was denied. Appellant filed a notice of appeal from the denial of this motion, but later dismissed the appeal on May 6, 1987, upon discovering that the proper motion was under Fed.R.Civ.P. 60(b). Appellant delayed another eleven weeks and made his Rule 60(b) motion on August 3, 1987.

This case is also distinguishable from *Zurich Ins. v. Wheeler,* 838 F.2d 338, 340 (9th Cir.1988), a case not cited by appellant. In *Wheeler* we held that the district court did not abuse its discretion in vacating the judgment pursuant to Rule 60(b). In that case, on June 2, 1986, the district court heard appellant's motion for a new trial and for amendment of a declaratory judgment. The motion was denied that day, and the denial order was entered on June 6, 1986. Appellant did not receive notice of the entry. On July 9, 1986, appellant's

counsel telephoned the clerk of the court and was told that the order had not been entered. Appellant first learned of the entry on August 8, 1986, and twelve days later filed a motion to extend the time to appeal and/or to vacate entry of the judgment. The district court granted the motion for vacation on September 15, 1986, and appellant timely appealed.

*Wheeler* does not stand for the proposition that a mere telephone call to an unspecified clerk constitutes due diligence within the meaning of *Rodgers.* Due diligence is a determination that can be made only after analyzing all the facts of a particular case. In applying *Wheeler,* therefore, we must closely scrutinize all the facts that led this court to conclude that the district court did not abuse its discretion in vacating the entry of judgment in that case.

There are a number of details not mentioned in the court's opinion that are relevant to the determination of due diligence and that distinguish *Wheeler* from the case at bench.[4] Appellant's counsel in *Wheeler* began attempting to contact the court's clerk around July 1, 1986, before the time to appeal under Rule 4(a)(1) had expired. *See* Declaration of John F. Hendry, *Zurich Ins. Co. v. Wheeler,* D.C. No. CV–83–7131–HLH (August 18, 1986). He did not reach the clerk until July 9, 1986, however. During that call, the clerk promised to check the status of the order and call back. *Id.* The clerk failed to return the call, and so appellant's counsel once again made several telephone calls in an attempt to reach the clerk. *Id.* He reached the clerk on August 8, 1986, and was informed that the clerk had been unable to determine the status of the proposed order lodged June 4, 1986. *Id.* That same day counsel attempted to review the court's case file. At the courthouse, the clerk for the file section informed counsel that he could not locate the last volume of the case file, which contained documents after May 29, 1986. *Id.*

---

3. Throughout this entire time, appellant's counsel never bothered to inspect the docket sheet, which would have disclosed that judgment had been entered on August 20, 1986.

4. *See In re McLinn,* 744 F.2d 677 (9th Cir.1984) (taking judicial notice of a fact not discussed in an opinion the panel relied upon).

Counsel then went to the docket clerk to review the docket sheet. *Id.* He noted that the docket sheet recorded the following notation: "6/6/86 Ordered [sic] the motion for new trial and amendment of judgment is denied." *Id.* Because he was unable to review the court's file containing documents after May 29, 1986, appellant's counsel did not know whether the above notation was intended to be the clerk's entry of the order that would commence the period to file a notice of appeal. *Id.* Less than two weeks later, appellant's counsel filed a motion seeking relief under Rule 60(b).[5]

## IV

After reviewing the facts in this case, we cannot say that the district court abused its discretion in concluding that appellant was not entitled to relief under Fed.R.Civ.P. 60(b). The district court reasonably could have concluded that Stevens failed to exercise the requisite due diligence.[6]

While we affirm the district court's proper exercise of its sound discretion, we are not persuaded that appellant's appeal should be sanctioned as being frivolous. Accordingly, each party is to bear its own costs and attorneys' fees.

AFFIRMED.

---

**5.** The overall relative diligence of counsel in the two cases is borne out by a further observation. Appellant in *Wheeler* filed the Rule 60(b) motion seventy-four days after the entry of judgment and only twelve days after discovery of the entry. In contrast, Stevens' Rule 60(b) motion was filed almost a year after the district

court had entered the summary judgment and about eight months after discovery of the entry.

**6.** This conclusion makes it unnecessary for us to consider appellee's alternative argument that the district judge properly denied the motion for relief under Rule 60(b)(1) as untimely.