# Supreme Court of the Navajo Nation

**Frank Bradley Jr., Plaintiff/Appellant,**
v.
**Harry Benally, et al., Defendants/Appellees,**
**and**
**The Navajo Nation, Intervenor/Appellee.**
**Decided October 2, 1989**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Gary LaRance, Esq., Tuba City, Arizona, for the Appellant; and George Robinson, Esq., Tuba City, Arizona, for the Appellees; and Gerri Harrison, Esq., Navajo Nation Department of Justice, Window Rock, Arizona, for the Intervenor.

Opinion delivered by TSO, Chief Justice.

The issue is whether this Court may suspend operation of Rule 8 of the Navajo Rules of Civil Appellate Procedure and grant plaintiff an extension of time to file his appeal. We hold that Rule 8 cannot be suspended and dismiss the appeal for lack of jurisdiction.

This case comes before the Court on plaintiff's motion to suspend application of NRCAP 8 for 30 days. Rule 8 provides that an appeal must be filed no later than 30 days after the trial court enters its final decision. On April 18, 1989, plaintiff, defendant, and an intervener appeared for a hearing in the Kayenta District Court, Honorable Leonard Hilt presiding. At the hearing, Judge Hilt dismissed plaintiff's case and instructed counsel for intervenor to prepare a proposed final order to be submitted to Judge Hilt by May 2, 1989. The proposed order was not submitted to Judge Hilt until after May 2, 1989 and was never submitted to plaintiff's counsel for his review or approval.

On June 13, 1989, plaintiff's counsel wrote Judge Hilt asking when he could expect to receive the final order. In response, counsel received two copies of the final order on June 20, 1989. The final order dismissing plaintiff's case had been signed on May 18, 1989, 33 days prior. Counsel for plaintiff then telephoned the court clerk asking why he had not been sent a copy of the final order immediately following its entry. The clerk could offer no explanation, and could not remember having sent a copy to plaintiff. The docket sheet did not reflect entry

of the final order, nor did it show that a copy of the final order was sent to plaintiff's counsel although the docket sheet did show that a copy was sent to intervenor's counsel.

When the plaintiff's counsel received copies of the final order, the 30-day period in which to take an appeal had passed. Consequently, plaintiff filed an appeal on June 30, 1989, and moved this Court to suspend application of NRCAP 8 for 30 days, allowing him time to perfect a timely appeal.

## I

Plaintiff contends that he is entitled to an extension of time to file his appeal because the district court clerk did not send him a copy of the judge's final decision until after the time for filing an appeal had passed. He directs our attention to NRCAP 3 which grants the Court broad discretion to suspend operation of the civil appellate rules upon a showing of "good cause." In his motion, plaintiff argues that failure to send notice of the final decision by the district court clerk constitutes "good cause" for suspension of the time for filing an appeal.

We agree that ordinarily the court's failure to send notice would justify granting a party additional time to comply with court deadlines. In this case, however, plaintiff cannot move this Court to suspend Rule 8 pursuant to Rule 3. Rule 8 requires that all appeals be taken within 30 days of entry of the final appealable decision by the district court. Rule 3 provides, "*[e]xcept as otherwise provided in Rule 5(b)*, the Supreme Court may upon motion for good cause shown suspend the requirements or provisions of any of these rules in a particular case." (emphasis added).

Rule 5(b), the lone exception to Rule 3, provides that the "Supreme Court may not shorten or extend the time for filing a Notice of Appeal," and is consistent with 7 N.T.C. § 801(a) (1985). By their terms, Rules 3 and 5(b) prohibit suspension of the 30 days filing time set forth in Rule 8. Consequently, while Rule 3 calls for liberal construction of its terms, it withholds from the Supreme Court all discretion to suspend operation of Rule 8. Judge Hilt entered his order dismissing plaintiff's case on May 18, 1989. Plaintiff did not appeal by June 17, 1989, as required by Rule 8. Plaintiff instead filed a motion to suspend Rule 8 for 30 days on June 30, 1989, 13 days after the notice of appeal was required to be filed. Because plaintiff filed his appeal after expiration of the mandatory 30-day period for perfecting appeals, we must dismiss for lack of jurisdiction. *Navajo Tribe of Indians v. Yellowhorse, Inc.*, 5 Nav. R. 133 (1987).

## II

Although we have no discretion to entertain plaintiff's motion because of Rule 5(b), we are mindful that in very limited circumstances the operation of Rule 5(b) may work an injustice. We therefore proceed to discuss the proper course of action to obtain relief where a party, though diligent in keeping track of his case, is nev-

ertheless barred by court error and Rule 8's unyielding time requirement.

Where a party is barred from appeal because the district court clerk fails to send him a copy of the final appealable order, that party's initial recourse lies within the district court. We believe that Rule 60(c)(6) of the Navajo Rules of Civil Procedure provides relief for a party who has not been sent a copy of the final decision.[1] Rule 60(c) (6) vests a trial judge with discretion to vacate a judgment upon a showing of excusable neglect and re-enter it with proper notice given to both parties. Rule 60(c)(6) provides relief, however, only where the court has failed to send a copy of the final decision to a party *and* the docket sheet does not reflect that the final decision was sent. Where the docket sheet clearly reflects that the final decision was sent, a party is barred from seeking relief under Rule 60(c)(6).

The rule requires still more. A simple demonstration that the court failed to send the final decision to the party, while an essential element, is by itself insufficient to afford relief. The moving party must also present facts showing due diligence and timely filing of the motion.

In particular, the moving party must show that he diligently attempted to remain informed regarding entry of the judgment or order. The diligence requirement imposes an affirmative obligation on the moving party to keep abreast of the court's disposition of the case. Determining the requisite diligence rests with the sound discretion of the trial judge. However, we discuss here some of the factors which a trial judge may properly consider and weigh in reaching a decision. They are not exclusive but should be considered as guide posts in determining whether a party seeking to file a delayed notice of appeal has acted diligently.

Repeated inquiries to the court provide strong evidence that counsel has been diligent in pursuing an appeal. *See, Harnish v. Manatee County,* 783 F.2d 1535 (11th Cir. 1986); *and see,* Calkins, *The Emerging Due Diligence Standard for Filing Delayed Notice of Appeal in Federal Courts,* 19 Willamette L. Rev. 609, 619-620 (1983). In *Harnish,* counsel for movant contacted the trial court at least four times over a period of several months and received negative responses before receiving the sought-after judgment. The judgment had been entered after counsel had begun his inquiries. Based on those facts the court had no difficulty concluding that counsel diligently pursued his appeal. 783 F.2d at 1537-1538.

On the other hand, a single telephone call by counsel's secretary to a court employee is not sufficiently diligent to afford movant relief. *Billie v. Abbott,* 5 Nav. R. 201 (1987). We note that written inquiries provide better evidence of diligence than telephone calls or other oral inquiries as they furnish more definitive proof.

Prompt inquiries also evidence diligence by counsel. Inquiries made promptly

---

1. Rule 23 of the Navajo Rules of Civil Procedure (1978 ed.), which is applicable to this case, provides the same relief. The former Navajo Rules of Civil Procedure was superseded by the new Rules of Civil Procedure on July 1, 1989, after the operative events in this case occurred. Hereafter, parties seeking relief in delayed filing cases must rely on Rule 60(c) (6) to obtain relief. A court clerk's failure to make every attempt to forward a copy of the final decision to a party as required by new Nav. R. Civ. P. 58(a) does not affect the time for perfecting appeals. *Accord,* Fed. R. Civ. P. 77(d).

following the last event leading to entry of the order, e.g., a final hearing, would ordinarily provide strong evidence of diligence. Where counsel possesses demonstrable certainty as to when an order is or should be entered, prompt inquiry becomes essential. *See, e.g., L.Z. v. Parrish*, 733 F.2d 585 (8th Cir. 1984) (motion for additional time denied where counsel received a memorandum opinion but not the judge's order and failed to inquire about the order until 2-1/2 months later).

Where the court clearly misleads counsel or instructs counsel to stop inquiring regarding entry of the order, the moving party will ordinarily be entitled to relief. *See, Tubbs v. Campbell*, 731 F.2d 1214 (5th Cir. 1984); *Harnish*, 783 F.2d at 1538. In such cases the moving party's diligence is undermined by the court's affirmative acts. In *Fidelity & Deposit Co. v. Usaform Hail Pool, Inc.*, 523 F.2d 744 (5th Cir. 1975), the court clerk instructed counsel for movant to cease making inquiries regarding entry of the judgment and told him that he would be informed when judgment was entered. When the court failed to notify counsel of entry as promised, the appellate court found that counsel's reliance on the district court clerk's representations constituted diligence and warranted relief. 523 F.2d at 751; *and see*, Calkins, *supra*, at 618.

This situation is distinct from mere lack of notice by the court clerk or ignorance regarding the order's status. The court must act affirmatively to negate counsel's efforts to remain informed or make representations on which counsel reasonably relies. Thus, in *Billie*, we concluded that reliance on court staff, as opposed to the court clerk, is inherently unreasonable and denied movant relief because he could not reasonably have relied on representations made by "Rose." 5 Nav. R. at 202.

Movant must also make his Rule 60(c)(6) motion promptly upon being served with the final decision. Although Rule 60(c) states only that a Rule 60(c)(6) motion should be "filed within a reasonable time," we believe that setting a definite time period within which to file the motion is necessary to avoid protracted litigation. The party seeking relief must file a Rule 60(c) (6) motion within 15 days after the clerk sends out the final decision. The plaintiff here shall have 15 days from the date of this opinion.

Where the movant demonstrates to the trial court that he is entitled to relief the court shall expeditiously vacate and re-enter the judgment with notice to both parties. Upon re-entry the movant shall have 30 days to perfect his appeal in accordance with NRCAP 8.

Relief may be sought in the Supreme Court only after the movant has sought relief in the trial court and been denied. In this situation, the proper course of action is to move this Court for a writ of mandamus. A writ of mandamus, however, is an extraordinary remedy and will be granted only where the movant demonstrates that the writ is appropriate in the circumstances and satisfies this Court that he has effectively satisfied the requirements set out above and been refused by the trial judge.

The notice of appeal is dismissed.