951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard M. PACHULSKI, Plaintiff-Appellant,
v.
TOPA THRIFT & LOAN ASSN., Richard D. Young; Gary Barnes;
Kurt Mann, et al., Defendants-Appellees.
Richard M. PACHULSKI, Plaintiff-Appellant,
v.
TOPA THRIFT & LOAN ASSN.; Peoples Investment and Loan
Association, Defendants-Appellees
 No. 90-55283.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1991.*
Decided Dec. 13, 1991.
 
 Before POOLE, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM **
 
 I. OVERVIEW
 
 2
 This case was brought in bankruptcy court as an adversary claim by a trustee in bankruptcy against an institutional lender. The bankruptcy court referred the case to the district court for jury trial. The case arose in connection with a construction loan made by Topa Thrift & Loan Assn. (TOPA) to the debtor, Douglas D. Gross (Gross), on June 22, 1982. Gross, after defaulting on the loan, filed a Chapter 11 bankruptcy petition on October 5, 1983. The trustee, Richard M. Pachulski (Pachulski), sued TOPA claiming a breach of fiduciary duty, the duty of good faith and fair dealing, fraud, RICO violations, conspiracy, and cancellation of a trustee's deed.
 
 
 3
 TOPA filed a motion for summary judgment. Pachulski failed to file a timely response, and the district court granted TOPA's motion for summary judgment. Pachulski then brought a motion to vacate the judgment, which the district court denied. Pachulski now appeals the judgment and denial of his motion to vacate the judgment. We affirm.
 
 II. STANDARD OF REVIEW
 
 4
 We review de novo the district court's grant of TOPA's motion for summary judgment. Pubali Bank v. City National Bank, 777 F.2d 1340, 1342 (9th Cir.1985). We review the district court's decision to disregard appellant's late filed opposition to summary judgment motion for an abuse of discretion. Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991). We also review the district court's denial of appellant's motion to vacate summary judgment for an abuse of discretion. Stevens v. ITT Systems, Inc., 868 F.2d 1040, 1041 (9th Cir.1989).
 
 III. DISCUSSION
 A. TOPA's Motion For Summary Judgment
 
 5
 Pachulski contends the district court erred in relying on Local Rule 7.9 in granting TOPA's motion for summary judgment. That rule reads in relevant part: "[p]apers not timely filed by a party ... will not be considered and may be deemed by the Court consent to the granting or denial of the motion". Pachulski argues, on a variety of grounds, that even in the absence of opposition, the court must determine the motion for summary judgment based on the pleadings, records and files in the case.
 
 
 6
 The district courts have the authority, however, to make local rules "not inconsistent" with the federal rules of civil procedure. Fed.R.Civ.P. 83. We fail to see how this local rule is inconsistent with the federal rules--indeed, it seems entirely in harmony with the default provisions of Rule 55 governing default judgments.
 
 
 7
 In this case, appellant's counsel sought and was granted six additional weeks to file his opposition papers. Despite full knowledge of the court-ordered deadline, he failed to request an extension before the time expired. The district court thus did not abuse its discretion in deeming appellant's failure to file an opposition within the allotted time as consent to the granting of the motion for summary judgment. Cf. Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989).
 
 
 8
 For the same reason, we hold that the district court did not abuse its discretion in disregarding appellant's opposition to TOPA's motion for summary judgment.[1]
 
 B. Pachulski's Motion To Vacate Judgment
 
 9
 Pachulski also contends that the district court erred in not granting his motion to vacate the order granting summary judgment on the grounds of excusable neglect under Fed.R.Civ.P. 60(b)(1). The district court, however, found that appellant's attorney's delay in filing the opposition was not excusable. That finding is amply supported by the record, and is not clearly erroneous. Furthermore, even if excusable neglect were found, the district court has discretion whether or not to relieve a party from an order. See Smith v. Stone, 308 F.2d 15, 18 (9th Cir.1962) (finding no abuse of discretion on facts similar to those in this case).
 
 IV. SANCTIONS
 
 10
 TOPA contends that Pachulski should be required to pay attorney's fees and/or costs on appeal. Fed.R.App.P. 38 gives this court discretion to assess such damages as a sanction against bringing a frivolous appeal. An appeal is considered frivolous in this circuit when the result is obvious, or the appellant's arguments of the error are wholly without merit. Jaeger v. Canadian Bank of Commerce, 327 F.2d 743, 746 (9th Cir.1964); Libby, McNeill, and Libby v. City National Bank, 592 F.2d 504, 514 (9th Cir.1978); McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 
 11
 The arguments advanced by Pachulski on this appeal do not seem wholly without merit nor was the end result obvious. Since the appeal was not completely frivolous, there is no basis for an award of attorney's fees.
 
 
 12
 AFFIRMED. Sanctions DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both parties have devoted considerable space in their briefs to arguing whether the district court actually granted the summary judgment motion on the merits. Because we uphold the trial court's reliance on Local Rule 7.9, we need not address this issue