**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mary TE SELLE, Defendant–Appellant.**

No. 93–55429.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 1, 1994.

Decided Sept. 9, 1994.

Joseph W. Klobas, Santa Barbara, CA, for plaintiff-appellee.

Lori S.R. Pelliccioni, Asst. U.S. Atty., Los Angeles, CA, for defendant-appellant.

Before: O'SCANNLAIN and G. NELSON, Circuit Judges; MERHIGE,* District Judge.

O'SCANNLAIN, Circuit Judge:

Does the savings clause in a statute of limitations preserve the government's late-filed action to recover damages from a defaulting scholarship recipient?

### I

Te Selle received a one-year scholarship award from the National Health Service Corps ("NHSC") Program in 1981, which she applied toward her 1981–82 dental school tuition. In 1982, she received another award for the next academic year, increasing her total scholarship award to $45,160.20. In exchange for this award, Te Selle obligated herself to provide two years of service in a health manpower shortage area, to which she would be assigned after graduation. This period of obligatory service was undertaken

---

* The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

pursuant to the NHSC Scholarship Program, 42 U.S.C. § 254*l*.

Because Te Selle never performed the service she promised to undertake, the NHSC declared her in default of her scholarship obligation on March 7, 1984. In a letter dated that day, the NHSC notified Te Selle that she was required to pay stipulated damages within one year. Te Selle did not pay this amount, and the government filed suit to recover the debt on October 10, 1989.

The district court dismissed this complaint without prejudice on September 18, 1991 for failure to prosecute. The clerk, however, apparently did not mail a notice of dismissal to either party. Consequently, the parties proceeded with the normal course of litigation, unaware of the dismissal. When Te Selle sought to file her answer to the government's complaint on January 3, 1992, the clerk rejected it because of the September 18 dismissal. The government, still not cognizant of the dismissal, became concerned shortly thereafter when it did not receive Te Selle's answer. The government's attorney called Te Selle's attorney, who informed the government of the dismissal.

Between January 7, 1992 and June 11, 1992, the parties sought to negotiate a settlement of Te Selle's debt without further litigation. During this time, the government informed Te Selle that it intended to refile its complaint but would continue to explore settlement opportunities. After settlement negotiations broke down in June, the government filed the instant complaint on October 15, 1992.

Te Selle filed a motion to dismiss, asserting that the government's action was barred by a statute of limitations. The government, in turn, filed for summary judgment. The district court entered judgment for the government and denied Te Selle's motion. Te Selle timely appealed.

## II

In a companion case decided today, we have held that NHSC scholarship default actions are subject to the six-year statute of limitations set forth in 28 U.S.C. § 2415(a). *United States v. Westerband–Garcia*, 35 F.3d 418 (9th Cir.1994). The instant complaint was refiled outside of section 2415(a)'s six-year limitations period. Nevertheless, the government argues that its complaint was filed within the one-year savings period established by 28 U.S.C. § 2415(e).

Since its first complaint was dismissed on September 18, 1991, and its second complaint was filed on October 23, 1992, the government faces a serious obstacle: its second complaint was filed 27 days beyond the lapse of section 2415(e)'s one-year grace period. To overcome this difficulty, the government argues that section 2415(e)'s clock began ticking, not on September 18, 1991, but in January 1992, when it first learned of the district court's dismissal of its first complaint.

We reject this claim. The government cites no authority in support of this novel application of section 2415(e), and we can find none. Further, it is contrary to the express words of the statute, which provides:

> In the event that any action to which this section applies is timely brought and is thereafter dismissed without prejudice, the action may be recommenced within one year after such dismissal, regardless of whether the action would otherwise be barred by this section.

*Id.* Section 2415(e) plainly provides that the district court's dismissal of the first complaint permitted the government to refile a second complaint within one year *of the date of dismissal,* not the date that parties learned of the dismissal.

Finally, we observe that this court takes a dim view of the sort of "tolling" claim urged by the government. "A party has an independent duty to keep informed [of the progress of a proceeding] and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant extension of" filing deadlines. *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1412 (9th Cir.1986). Thus, for example, Federal Rule of Civil Procedure 77 provides that a clerk's failure to notify a party of the entry of final judgment is not a basis for extending the time for

appeal except for good cause shown, and we have adhered strictly to this rule. *See, e.g., Stevens v. ITT Systems, Inc.,* 868 F.2d 1040, 1041–42 (9th Cir.1989). The government did not exercise diligence in this case. It learned of the September 18 dismissal of its first complaint several months before section 2415(e)'s one-year deadline, yet it waited beyond that time. There thus is no cause for tolling the limitations period beyond the time set forth in section 2415(e).

The government's action against Te Selle is barred by statute of limitations.

REVERSED and REMANDED for further proceedings in accordance with this opinion.