106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY TITLED IN the NAME OF Bryan F. LENTZ, Located
at 4455 Kaluamakua Road, Kilauea Island and County
of Kauai, State of Hawaii, TMK
4-5-2-021-011 Defendant,
Bryan F. Lentz, Claimant-Appellant.
 
 1
 No. 95-15405.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted Dec. 12, 1996.*
Decided Dec. 27, 1996.
 
 3
 Before: BROWNING, SKOPIL, and BRUNETTI, Circuit Judges
 
 
 4
 MEMORANDUM**
 
 
 5
 The district court did not abuse its discretion when it denied Bryan Lentz's Rule 60(b) motion.
 
 
 6
 The law of the case doctrine does not bar consideration of the arguments Lentz made in support of his Rule 60(b) motion because none of these arguments requires us to consider legal issues decided in the previous appeal. See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 281 (9th Cir.1996). The motion was without merit: Lentz did not show that excusable neglect, fraud, newly discovered evidence, or extraordinary circumstances warranted reopening the judgment. See Fed.R.Civ.P. 60(b); School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).
 
 
 7
 We reject Lentz's argument that the rapid development of this Circuit's excessive fines jurisprudence entitles him to relief under Rule 60(b). A change in the governing case law is not a sufficient basis for vacating a final judgment entered before the announcement of the change. Clifton v. Attorney General, 997 F.2d 660, 665 (9th Cir.1993). In Lentz's case, the entry of final judgment occurred when the Supreme Court denied certiorari on May 22, 1995. See Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir.1989). We did not articulate a test for determining when forfeiture is excessive until July 12, 1995, when we filed our decision in United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, 59 F.3d 974, 982 (9th Cir.1995).
 
 
 8
 We also reject Lentz's argument that his failure to file a timely Rule 59 motion for reconsideration was excusable neglect. Lentz did not receive notice that judgment had been entered against him. But lack of notice of the entry of judgment is not, without more, a basis for finding excusable neglect. Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041-43 (9th Cir.1989). The party seeking to reopen the judgment must also show he exercised due diligence in ascertaining whether judgment had been entered. Id.
 
 
 9
 Lentz and his attorney, David Bettencourt, did not exercise due diligence. Bettencourt knew judgment would soon be entered against Lentz because he was present when the district court orally granted the government's summary judgment motion. The government seems not to have served Lentz with a copy of the proposed summary judgment order it submitted to the district court.[1] However, the deadline for submitting the proposed order to the court had long passed by the time Bettencourt refused to approve the form of the order. See D.Haw.R. 260-2(a). Bettencourt should have known that the government would have to file the proposed order shortly after receiving his response in order to comply with the local rules. However, he made no effort to contact opposing counsel or check the docket sheet to see whether the proposed order had been filed or whether final judgment had been entered when he received no further communication about the proposed order. This court has held that an attorney who has reason to believe that judgment will soon be entered against his client cannot claim he has acted diligently if he does not take steps, such as phoning opposing counsel, calling the court clerk, or checking the docket sheet, to ascertain the status of the case. Stevens, 868 F.2d at 1042.
 
 
 10
 Lentz did not produce any newly discovered evidence that warranted reopening the judgment. His unsupported allegations that the affidavit supporting the arrest warrant was materially false and Officer Wilson targeted him in order to obtain funds for his department are not evidence.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lentz has not adduced any evidence that the government intentionally and fraudulently failed to serve him with the proposed summary judgment order, thereby preventing him from fully and fairly presenting his case. See Maudlin v. M/V Peacock (In re M/V Peacock), 809 F.2d 1403, 1404-05 (9th Cir.1987) (moving party has the burden of showing judgment obtained by fraud)