**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: NETFLIX, INC. SECURITIES LITIGATION, | No. 14-15315 |
| | D.C. No. 3:12-cv-00225-SC |
| ARKANSAS TEACHER RETIREMENT SYSTEM; STATE-BOSTON RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | MEMORANDUM* |
| Plaintiffs - Appellants, | |
| v. | |
| NETFLIX, INC.; REED HASTINGS,; DAVID B. WELLS; THEODORE A. SARANDOS; LESLIE J. KILGORE; NEIL D. HUNT; BARRY MCCARTHY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Argued and Submitted March 17, 2016
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BYBEE and N.R. SMITH, Circuit Judges and HELLERSTEIN,** Senior District Judge.

Plaintiffs Arkansas Teacher Retirement System and State-Boston Retirement System (collectively, "Plaintiffs") appeal the district court's dismissal of their complaint alleging violations of federal securities laws by defendants Netflix, Inc. and several of its corporate officers (collectively, "Netflix"). Plaintiffs also challenge the district court's order denying them leave to file an amended complaint. Because the facts and proceedings below are known to the parties, we repeat them here only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Plaintiffs allege that Netflix made a series of false and misleading statements about the profitability of its fledgling online-streaming video service over the course of the class period (October 20, 2010 to October 24, 2011). Netflix knew or should have known that those statements were false or misleading, Plaintiffs allege, because Netflix possessed information comparing the profit margins of its online-streaming business with the profit margins of its DVD-by-mail business, and were aware that the DVD-by-mail business would contribute

---

** The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

roughly a 50% profit margin while the online-streaming business would contribute only an 8% margin.

Plaintiffs claim that these statements run afoul of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and SEC Rule 10b-5 (17 C.F.R. § 240.10b-5). The district court disagreed. It found that because Netflix had not made any false or misleading statements, there was no need to "reach the issue of scienter," and dismissed Plaintiffs' First Amended Complaint ("FAC") with prejudice.

As is relevant here, complaints alleging violations of § 10(b) and Rule 10b-5 must show both "a material misrepresentation or omission by the defendant" and "scienter." *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1206 (9th Cir. 2016) (quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011)). To meet the heightened pleading standard of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, Plaintiffs must allege a false or misleading statement that "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002); *see also Nat'l Elevator Indus. Pension Fund v. VeriFone Holdings, Inc. (In re VeriFone Holdings, Inc. Sec. Litig.)*, 704 F.3d 694, 701 (9th Cir. 2012). Section 10(b) and Rule 10b-5 "do not create an

3

affirmative duty to disclose any and all material information," and "companies can control what they have to disclose under these provisions by controlling what they say to the market." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44–45 (2011); *see also Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987 (9th Cir. 2008).

Plaintiffs' FAC fails to adequately allege any statements or omissions made by Netflix during the class period that falsely or misleadingly touted the profitability or viability of its online-streaming business. Netflix repeatedly referenced the financial risk inherent in getting its online-streaming business off the ground, and explained to its investors that if subscriber numbers did not continue to grow, its "margins may be impacted." Indeed, Netflix's CEO, in an open letter to investors, explained "there are many risks ahead for Netflix" and agreed that it was "possible that one could make money shorting Netflix" stock. Similarly, when asked during a call with investors on the first day of the class period, Netflix's CEO refused to "guess at what the long-term operating margins" would be, explicitly noting that "at this point we don't know what [the competitive landscape] will be." These statements, and the others offered by Plaintiffs in their FAC, are not sufficient to state a claim under the PSLRA.

Because Plaintiffs' FAC fails to meet the PSLRA's heightened pleading standard as to the falsity element, we need not address Plaintiffs' scienter arguments.

2.  Because we hold that Plaintiffs have not adequately alleged an underlying violation of federal securities law, Plaintiffs' claims under § 20(a) (15 U.S.C. § 78t—control person liability) and § 20A (15 U.S.C. § 78t-1—insider trading liability) necessarily fail.  *See, e.g.*, *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996) ("To establish 'controlling person' liability, the plaintiff must show that a primary violation was committed[.] . . ."); *VeriFone*, 704 F.3d at 711 ("To prevail on . . . claims for violations of § 20A, [Plaintiff] must first sufficiently allege a violation of § 10(b) or Rule 10b-5.").

3.  Plaintiffs argue that the district court erred by denying their motion to substitute a Second Amended Complaint ("SAC") in the place of their FAC.  We disagree.

The district court dismissed Plaintiffs' FAC with prejudice on August 20, 2013, and Plaintiffs did not seek leave to file an amended complaint until after the clerk entered judgment in Netflix's favor on September 27, 2013.  Accordingly, Plaintiffs were forced to file a motion "pursuant to Federal Rules of Civil Procedure 15, 59(e), and 60, for an order altering or amending judgment . . . and

allowing leave to amend." Netflix opposed this motion, and the district court denied it in full.

The district court's did not abuse its discretion for two reasons. First, relief under Rules 59 and 60 is available only in unusual situations. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that judgment is "not properly reopened" pursuant to Rule 59(e) "absent highly unusual circumstances" or "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989) (explaining that "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances" (quoting *L.Z. v. Parrish*, 733 F.2d 585, 588 (8th Cir. 1984)). Here, because Plaintiffs have not cleared the high bar necessary to warrant relief under Rules 59 or Rule 60, the district court had no need to even consider Plaintiffs' Rule 15 motion. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.").

Second, we agree with the district court that Plaintiffs' SAC does not state an actionable claim against Netflix and that further amendment would prove futile.

6

Plaintiffs' SAC does not raise any new allegedly false or misleading statements, and as Plaintiffs admit in their briefing before this court, was proffered only to "clarify the legal theory, streamline the complaint, and add additional textual context." This is not enough. When, as here, a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco*, 552 F.3d at 1007 (quoting *In re Read-Rite Corp. Sec. Litig.*, 335 F.3d 843, 845 (9th Cir. 2003)). The fact that Plaintiffs "failed to correct these deficiencies" is a "'strong indication that the plaintiffs have no additional facts to plead,'" and we affirm the district court's decision to deny Plaintiffs leave to file the proposed SAC or any further complaints. *Id.* (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002)).

**AFFIRMED.**