**WESTERN HELICOPTER SERVICES, INC., an Oregon corporation; and Edwina Marie Cruse, as Personal Representative of the Estate of Russell Leroy Cruse, Deceased, Plaintiffs,**

v.

**ROGERSON AIRCRAFT CORPORATION, a California corporation; Rogerson–Hiller Corporation, a Washington corporation; Omneco, Inc., a Nevada corporation; Embee EP Plating, a California corporation; Arden Engineering, a California corporation; Burbank Steel Treating, Inc., a California corporation, Defendants.**

### Civ. No. 87–1435–FR.

United States District Court,
D. Oregon.

July 18, 1991.

See also 765 F.Supp. 1041.

Lloyd B. Ericsson, Lisa Brett Egan, Ericsson & Ericsson, Portland, Or., for plaintiffs.

Dean D. DeChaine, Jonathan D. Allred, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant Omneco, Inc.

John P. Ashworth, Troy D. Greenfield, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendant Embee EP Plating.

## OPINION

FRYE, District Judge:

The matter before the court is the renewed motion (# 221) of defendant Omneco, Inc. (Omneco) for summary judgment in its favor on the claims of the plaintiffs, Western Helicopter Services, Inc. and Edwina Marie Cruse, personal representative of the estate of Russell Leroy Cruse.[1]

This case arises from the crash of a helicopter that occurred on January 16, 1986. The pilot of the helicopter, Russell Leroy Cruse, died in the crash. The plaintiffs are Western Helicopter Services, Inc. (Western), the Oregon corporation that employed Russell Leroy Cruse, and Edwina Marie Cruse, personal representative of the estate of Russell Leroy Cruse (the estate). Western seeks damages for the loss of the helicopter. The estate seeks damages for the wrongful death of Russell Leroy Cruse.

Plaintiffs allege that the crash of the helicopter was caused by a defect in the main rotor blade fork (the accident fork), and that Omneco is liable for the damages resulting from that crash because it manufactured the accident fork.

## UNDISPUTED FACTS

Beginning in early 1979 and through the early years of the 1980's, Omneco manufactured approximately 750 rotor blade forks for Hiller Aviation, Inc. (Hiller). Omneco stamped these rotor blade forks with serial numbers supplied by Hiller. Each rotor blade fork had its own serial number. Omneco placed serial number 10391P on one of the 58 rotor blade forks that it manufactured for Hiller in 1979.

The rotor blade fork manufactured by Omneco and stamped with serial number 10391P was installed by Hiller in a new helicopter bearing Serial No. 5092 on or about May 8, 1979. In June, 1979, Hiller sold the helicopter bearing Serial No. 5092 to City & Country Helicopters of Australia (City Helicopters) located in the Country of Australia.

At the time City Helicopters took possession of the helicopter bearing Serial No. 5092, the chief engineer for City Helicopters, Herbert S. McFarlane, visually confirmed that the serial number on the rotor blade fork was 10391P. During the life of the helicopter bearing Serial No. 5092, engineers for City Helicopters routinely made visual inspections of the rotor blade fork, noting at those times that the serial number on the rotor blade fork was 10391P.

On or about June 2, 1984, after the helicopter bearing Serial No. 5092 had been in operation for 2500 hours, City Helicopters placed a tag with the words "unserviceable part" on the rotor blade fork bearing serial number 10391P and stamped it with the symbol T/X, an abbreviation for the term "time expired." The rotor blade fork was then discarded.

Hiller installed the accident fork on a helicopter owned by Western sometime in 1983, and the accident fork was on the helicopter at the time of the crash on January 16, 1986. The maintenance records indicate that when Hiller installed the accident fork on the helicopter owned by Western in 1983, it was a rotor blade fork with 1304.8 hours of operation time, and that Western assumed that it had 1195.2 hours of operation time when it was installed.

Hiller was the sole supplier of new and used rotor blade forks to Western. During

---

1. This motion was filed on behalf of defendants Omneco and Embee EP Plating. On July 1, 1991, during oral argument on this motion, counsel for Embee EP Plating informed the court that it had reached a settlement with the plaintiffs.

1983, Omneco was the sole supplier of new rotor blade forks to Hiller. During 1983, Omneco did not supply any used rotor blade forks to Hiller.

Plaintiffs' expert witness will testify that the serial number on the accident fork was 10391P. Omneco concedes for the purpose of this motion that the court should assume that the serial number on the accident fork is 10391P.

## APPLICABLE STANDARD

Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

Assuming there has been adequate time for discovery, summary judgment should then be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981). Finally, summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial. *SEC v. Koracorp Indus.*, 575 F.2d 692, 699 (9th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

## CONTENTIONS OF THE PARTIES

Omneco contends that because it has traced the history of the rotor blade fork with serial number 10391P to the Country of Australia, and because Omneco never places the same serial number on more than one rotor blade fork, the accident fork must be a rotor blade fork that has been modified, reworked, or reserialized and passed off as a new one, and is not the rotor blade fork with serial number 10391P that was manufactured by Omneco.

The plaintiffs contend that issues of material fact as to the manufacturer of the accident fork preclude the court from entering summary judgment for Omneco. The plaintiffs assert that Omneco was the sole supplier of new rotor blade forks to Hiller during the period that the accident fork was installed by Hiller in the Western helicopter.

## ANALYSIS AND RULING

A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendant manufacturer made the product that caused the injury. *See Dutschke v. Piper Aircraft Corp.*, 564 F.Supp. 359 (M.D.La. 1983). The plaintiffs rely primarily on the case of *Smith v. J.C. Penney Co.*, 269 Or. 643, 525 P.2d 1299 (1974).

In *Smith*, the plaintiff was badly burned when a fire ignited the coat she was wearing. She brought suit against J.C. Penney, which sold the coat to her, and Bunker–Ramo, the company that the plaintiff alleged had supplied the fabric from which the coat was manufactured. The jury returned a verdict for the plaintiff and against Bunker–Ramo. On appeal, Bunker–Ramo contended that there was insufficient evidence for the jury to find that it supplied the fabric that was used to manufacture the particular coat purchased by the plaintiff.

The evidence that was before the jury was that J.C. Penney purchased the coat

from a manufacturer named Roseda in June or July of 1970; that each of the coats purchased by J.C. Penney during this time period bore a tag stating "A Borg fabric made especially for Roseda Corporation;" that Borg is the trade name for fabrics manufactured by Bunker–Ramo; that after June 2, 1970, Roseda had placed tags bearing the trade name "Borg" on fabric that was similar to the Bunker–Ramo fabric but was in fact obtained from a different supplier; that a tag from the coat purchased by the plaintiff bore the notation "Style 3071 C 1239;" that the cutting records of Roseda for Lot 1239, style number 3071, bore the date May 13, 1970 and the notations "Borg Fabrics #1530" and "Borg Hang Tags."

The Oregon Supreme Court found that this evidence was sufficient for the jury to find that the fabric in the coat purchased by the plaintiff from J.C. Penney was supplied by Bunker–Ramo, and that the jury could reach that conclusion either by reasoning that 1) Roseda manufactured the coat before June 2, 1970, during the period in which Roseda used Borg fabric manufactured by Bunker–Ramo exclusively; or 2) even if the jury found that the coat was manufactured after June 2, 1970, during the period that Roseda placed Borg tags on fabrics other than those supplied by Bunker–Ramo, the jury could find that the fabric was supplied by Bunker–Ramo based on the cutting order records maintained by Roseda and the tags from the coat.

The plaintiffs contend that this case is analogous to *Smith* because the jury could find that Omneco manufactured the accident fork either by 1) relying on the fact that Omneco was the sole supplier of new forks to Hiller during the period that the accident fork was installed; or 2) by relying on the fact that the serial number on the accident fork was 10391P, and Omneco manufactured a rotor blade fork with that serial number.

Edwin L. Trupe, the former president of Hiller, testified that during the period of time relevant to this dispute, although Omneco was the sole supplier of *new* rotor blade forks to Hiller, Hiller purchased *used* rotor blade forks from vendors other than Omneco. Therefore, to prevail on the sole

supplier theory, the plaintiffs must first establish that the accident fork was *new* when Hiller installed it on the helicopter owned by Western.

The maintenance records indicate that the accident fork installed by Hiller in 1983 was a used rotor blade fork with over 1,000 hours of operation time when it was installed. The only evidence submitted by the plaintiffs to rebut these records is that the accident fork was made of 4335V steel, which the plaintiffs contend is inconsistent with the theory that it was used when it was installed in 1983. However, Omneco has submitted uncontroverted evidence that rotor blade forks composed of 4335V steel were first manufactured no later than 1962, and that Omneco began manufacturing rotor blade forks in 1979. Therefore, the fact that the accident fork is composed of 4335V steel is consistent with the other evidence in the record that the accident fork was a used fork on the date that Hiller installed it on the helicopter owned by Western.

"[A]n inference cannot be based on an inference that is too remote or conjectural." *Smith,* 269 Or. at 650, 525 P.2d 1299 *quoting Eitel v. Times, Inc.,* 221 Or. 585, 601, 352 P.2d 485 (1960). To accept the theory of the plaintiffs that the accident fork had to be manufactured by Omneco because Omneco was the sole supplier of forks to Hiller during the period in which the accident fork was installed, the finder of fact would first have to find that the accident fork was a new fork. Based on the undisputed evidence in the record, such a finding would be speculative. The court concludes that the plaintiffs cannot succeed on the sole supplier theory.

The only evidence submitted by the plaintiffs to link the accident fork to Omneco is the testimony of an expert witness that the serial number on the accident fork was 10391P, and that Omneco manufactured a rotor blade fork with the serial number 10391P. However, the plaintiffs have not controverted the evidence submitted by Omneco that it placed serial number 10391P on only one rotor blade fork, and that its rotor blade fork with serial number 10391P was shipped to the Country of Australia, where it was used until it was dis-

# 755

carded. Even assuming that there were two rotor blade forks with the serial number 10391P, there is no evidence that the accident fork with serial number 10391P was manufactured by Omneco.

Upon careful review of the evidence in the record, the court finds that there is no genuine issue as to any material fact, and that Omneco is entitled to an order of summary judgment.

## CONCLUSION

Omneco's renewed motion for summary judgment (# 221) is granted.