**WESTERN HELICOPTER SERVICES, INC., an Oregon corporation; and Edwina Marie Cruse, as Personal Representative of the Estate of Russell Leroy Cruse, Deceased, Plaintiffs,**

v.

**ROGERSON AIRCRAFT CORPORATION, a California corporation; Rogerson–Hiller Corporation, a Washington corporation; Omneco, Inc., a Nevada corporation; Embee EP Plating, a California corporation; Arden Engineering, a California corporation; Burbank Steel Treating, Inc., a California corporation, Defendants.**

Civ. No. 87–1435–FR.

United States District Court,
D. Oregon.

Nov. 8, 1991.

Lloyd B. Ericsson, Lisa Brett Egan, Ericsson & Ericsson, Portland, Or., for plaintiffs.

Dean D. DeChaine, Jonathan D. Allred, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant Omneco, Inc.

## OPINION

FRYE, Judge:

The matter before the court is the motion of plaintiffs to amend or alter judgment and for reconsideration based on newly found evidence (# 233).

## BACKGROUND

On January 16, 1986, a helicopter piloted by Russell Leroy Cruse crashed killing Cruse and giving rise to this litigation. Plaintiffs, Western Helicopter Services, Inc., Edwina Marie Cruse, and the Estate of Russell Leroy Cruse, allege that the crash of the helicopter was caused by a defect in the main rotor blade fork (hereinafter the "accident fork"), and that defendant Omneco, Inc. (Omneco) is liable for damages resulting from the crash because it manufactured the accident fork. Omneco denies manufacturing the accident fork.

On July 18, 1991, the court entered an order granting the renewed motion of Omneco for summary judgment. 768 F.Supp. 751. The court found summary judgment appropriate because there was no evidence presented by plaintiffs that the accident fork itself was manufactured by Omneco. Since, in order to prevail at trial, plaintiffs would bear the burden of demonstrating that Omneco manufactured the accident fork, the failure to create a genuine issue as to this fact mandated the entry of summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

On July 29, 1991, plaintiffs filed this motion to amend or alter judgment and for reconsideration based on newly found evidence. This motion is based, in part, on information obtained by plaintiffs' expert, Bruce Wong, on July 3, 1991. On that date, Wong examined and tested a scrapped rotor blade fork which had been manufactured by Omneco and two other rotor blade forks which allegedly were manufactured by Omneco. Affidavit of Bruce Wong, pp. 5–6, paras. 14–15. Based on these tests, Wong now concludes that Omneco manufactured the accident fork. *Id.* at pp. 9–10, paras. 31–32.

## CONTENTIONS OF THE PARTIES

Plaintiffs contend that the information obtained from the tests conducted on the three rotor blade forks and the resulting conclusions of their expert amount to newly discovered evidence. Plaintiffs argue that this evidence warrants setting aside the judgment entered in favor of the defendants because this evidence creates a genuine issue of material fact as to whether Omneco manufactured the accident fork. Plaintiffs also contend that the entry of summary judgment was not appropriate because the court did not understand the relevant facts and misinterpreted controlling issues of law.

Omneco contends that plaintiffs did not exercise due diligence in examining and testing the three rotor blade forks; that the "newly discovered evidence" is not sufficient to overturn the judgment entered by this court; and that the court correctly interpreted the facts and the law in deciding the motion for summary judgment.

## APPLICABLE STANDARDS

### A. *Summary Judgment*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, it is not the function of this court to weigh the evidence and determine the truth; rather, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are

to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513.

## B. *Newly Discovered Evidence*

■ A party may obtain relief from summary judgment based on newly discovered evidence under Rules 59(b) and 60(b)(2) of the Federal Rules of Civil Procedure. In order to obtain relief, the movant must show that the evidence (1) existed at the time of the summary judgment motion, "(2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir.1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir. 1987)).

"In determining whether Rule 60(b) applies, courts should be mindful that the rules are to be construed to achieve the just determination of every action. Fed. R.Civ.P. 1. 'It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems.'" *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976)).

## ANALYSIS AND RULING

■ The first factor to consider in addressing plaintiffs' claim of newly discovered evidence is whether the evidence of the three rotor blade forks existed at the time the summary judgment motion was filed, considered and decided. It is undisputed that the evidence did exist during this time. Therefore, factor one is satisfied.

The second factor the court must consider is whether plaintiffs exercised due diligence in uncovering this evidence. *Coastal Transfer Co.,* 833 F.2d at 211. Although Omneco points to several examples of how, in its opinion, plaintiffs could have been more dogged in pursuing examinations of the three rotor blade forks, the record before the court reflects that plaintiffs have diligently pursued this and other discovery. *See United States v. Walus,* 616 F.2d 283, 303–04 (7th Cir.1980) ("The due diligence requirement of Rule 60(b)(2) is circumscribed by a rule of reason."); *cf. In re Hammer,* 940 F.2d 524, 525 (9th Cir.1991) (Rule 60(b) is remedial in nature and therefore must be liberally applied).

■ More troublesome to the court, however, is why this new evidence, if discovered on July 3, 1991, was not presented to the court before it rendered its decision on the motion for summary judgment on July 18, 1991. In the court's view, the better course of action would have been to immediately file a motion for leave to file a supplemental memorandum in opposition to the motion for summary judgment. Nevertheless, the court concludes, based on the record before it and the interests of justice, that factor two is satisfied. *See Rodgers,* 722 F.2d at 459.

Having found that plaintiffs have met the first two factors, the final issue to be resolved is whether the newly discovered evidence was of such magnitude that production of it earlier would have been likely to change the outcome of Omneco's motion for summary judgment against plaintiffs. In Omneco's motion for summary judgment, the court had to decide whether the evidence in the record could reasonably support a jury finding that Omneco manufactured the accident fork by a preponderance of the evidence. *See Anderson,* 477 U.S. at 255–56, 106 S.Ct. at 2513–14. The court concluded that a reasonable jury could not have found that Omneco manufactured the accident fork because the plaintiffs had failed to demonstrate sufficient proof (aside from evidence that the accident fork had the same serial number as a rotor blade fork manufactured by Omneco).

The newly discovered evidence submitted by plaintiffs consists of additional testimony from their expert, Bruce Wong. After examining and testing three additional rotor blade forks and comparing these findings with those regarding the accident fork, Wong now concludes that the acci-

dent fork was, in fact, manufactured by Omneco. Affidavit of Bruce Wong at 9–10, paras. 31–32. This additional testimony creates a genuine issue of material fact because, if a jury reasonably believes the testimony of plaintiffs' expert, then it could reasonably find that Omneco manufactured the accident fork. Accordingly, the court concludes that this evidence was " 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.' " *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir.1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir.1987)). Factor three is, therefore, met.

## CONCLUSION

The motion of plaintiffs to amend or alter judgment and for reconsideration based on newly found evidence (# 233) is granted.

The order of the court granting the renewed motion of Omneco for summary judgment (# 232) is vacated. The renewed motion of Omneco for summary judgment (# 221) is denied.