R.E. RODGERS and Barbara Rodgers,
Plaintiffs-Appellants,

v.

James G. WATT, Secretary of the
Interior of the United States of
America, Defendant-Appellee.

No. 80–3482.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1983.

Decided Dec. 16, 1983.

William B. Murray, Portland, Or., for plaintiffs-appellants.

Maria A. Iizuka, Dept. of Justice, Washington, D.C., Thomas C. Lee, Asst. U.S. Atty., Portland, Or., for defendant-appellee.

Before BROWNING, Chief Judge, CHOY, SNEED, TANG, FLETCHER, POOLE, FERGUSON, CANBY, BOOCHEVER, NORRIS and REINHARDT.

BOOCHEVER, Circuit Judge.

This case has been referred to an en banc panel for the purpose of determining the requirements for relief from judgment, when the time for appeal has expired before the appellant has notice of the entry of judgment. We hold that the trial court did not abuse its discretion in granting relief under Fed.R.Civ.P. 60(b)(1) based on excusable neglect.

*Facts*

The facts have been well set forth in the panel's opinion and may be summarized as follows. Both sides filed motions for summary judgment in the district court where the plaintiffs sought review of an administrative decision holding certain unpatented mining claims void. The matter was taken under advisement. Two days later, on March 26, 1980, the district court filed an order granting defendant's motion for summary judgment and entered judgment dismissing the action.

The clerk of the district court failed to notify the parties of the entry of the judgment.

In April, May, and again in June, plaintiffs' counsel sent his secretary to check the docket sheet. She reported that the last entry read: "March 24, Record of hearing on Pltf's Obj to Magistrate's F/R(30) Ord taking under advise." Plaintiffs' counsel concluded the matter was still under advisement and took no further action.

Unfortunately, the entries on the docket sheet were out of sequence. Although the last entry recorded the March 24 hearing on objections to the magistrate's report, the preceding entry was dated March 26 and recited the granting of the motion for summary judgment and the entry of judgment dismissing the action. The March 24 date of the last entry was bracketed and the entry had a lower number than the preceding entry.

On July 21, 1980, the clerk's office advised counsel for the parties that judgment had been entered on March 26. Plaintiffs immediately filed a motion for relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure. Defendants did not oppose the motion. On October 2, 1980, the district court vacated the judgment of March 26 and ordered judgment reentered as of October 2, 1980. Plaintiffs filed a notice of appeal from the new judgment on November 12, 1980. Because the United States is a party, the appeal is timely if the district court's order of October 2, 1980 is valid, but not otherwise. Fed.R.App.P. 4(a).

I

*Sua Sponte* Consideration of Timeliness of Appeal

This panel ordered the parties to address the question of timeliness of the appeal. In its response to the order, the Government argued for the first time that the appeal was untimely.

 We are required to consider the timeliness of the appeal even though it was not raised by the parties. The limitations

on the time within which an appeal may be taken are mandatory and jurisdictional. *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Wallace v. Chappell,* 637 F.2d 1345, 1346 (9th Cir.1981) (per curiam, en banc). If the district court abused its discretion in extending the appeal period by vacating and reentering judgment, we are without jurisdiction. *Kramer v. American Postal Workers Union, AFL–CIO,* 556 F.2d 929, 931 (9th Cir.1977) (per curiam); *In re Morrow,* 502 F.2d 520, 523 (5th Cir.1974). Error in extending the time for appeal under Rule 4(a)(5) is reviewable *sua sponte, Selph v. Council of the City of Los Angeles,* 593 F.2d 881, 882 (9th Cir.1979), and we see no escape from that conclusion when the extension is granted under Fed.R.Civ.P. 60(b). *But see Mizell v. Attorney General of State of N.Y.,* 586 F.2d 942, 944–45 n. 2 (2d Cir.1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979).

We, therefore, proceed to determine whether we have jurisdiction in this case.

## II

### Relationship of Federal Rule of Appellate Procedure 4 and Federal Rule of Civil Procedure 60

Our jurisdiction is dependent on the interworking and construction of various rules of civil and appellate procedure.

Subsection 1 of Rule 4(a), Fed.R.App.P., fixes a period of thirty days after entry of judgment for filing a notice of appeal in a civil case and sixty days if the United States or its agent or officer is a party. Subsection 5 of the rule allows the district court to extend the time for filing the notice of appeal "upon a showing of excusable neglect or good cause." A motion seeking an extension must be filed "not later than 30 days" after the expiration of the appeal period prescribed by the rule. No extension shall exceed thirty days past the prescribed time or ten days from the entry of the order.

Plaintiffs could obtain no relief under Rule 4 because they did not discover that the judgment had been entered until the maximum time for an extension under the rule had expired. Plaintiffs, therefore, sought relief under Fed.R.Civ.P. 60(b)(1). Rule 60(b) provides for relief from a final judgment in a number of circumstances, and subsection (1) is for "mistake, inadvertence, surprise or excusable neglect."

In this case the clerk failed to comply with Fed.R.Civ.P. 77(d) requiring that immediate notice of entry of judgment be mailed to the parties. Construing an earlier version of the rule under similar circumstances, the United States Supreme Court held that a party failing to receive notice of the entry of judgment was entitled to a late appeal. *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944). The Court countenanced vacation of the original judgment and reinstatement. Because of *Hill's* adverse impact on the finality of judgments, Rule 77(d) was amended to provide that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) . . . ."

At the same time, Fed.R.Civ.P. 73(a), later incorporated into Fed.R.App.P. 4(a)(5), was amended to furnish an escape hatch from the rigidity of amended rule 77(d). As we have previously indicated, Rule 4(a)(5) now permits the district court, upon a showing of excusable neglect, to extend the time for filing a notice of appeal upon a motion filed not later than thirty days after the expiration of the time otherwise provided. Thus, upon a showing of excusable neglect, the relief provided by *Hill* was allowed if a motion was filed within thirty days. *See* 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.25[1] (2d ed. 1983). Generally a finding of excusable neglect requires lack of notice plus additional equitable factors such as attempts to learn the anticipated date of the decision. *See* Calkins, *The Emerging Due Diligence Standard for Filing Delayed Notice of Ap-*

*peal in Federal Courts,* 19 Willamette L.Rev. 609, 614 (1983).

Rule 4(a)(5) by its terms is inapplicable to situations when notice of the entry of judgment is not received until after the thirty day period authorized for the motion. Fed. R.Civ.P. 60(b), however, does provide for relief from a final judgment for a variety of reasons. The motion must be made within a reasonable time not to exceed one year in certain categories, including that of 60(b)(1), "excusable neglect."

When relief from judgment is sought after the thirty day period allowed by Rule 4(a)(5), the applicability of the Rule 60(b)(1) excusable neglect standard may be questioned as being counter to the policy indicated by Rule 4(a)(5)'s time limitation. A motion for relief, however, cannot be filed within sixty days if a party has no knowledge of entry of judgment. Rule 4(a) is applicable in many situations where a party has timely notice of the judgment,[1] as well as in cases where notice is received within the next thirty days. In such cases it is possible to file a motion within the period provided by Rule 4(a). We hold that Rule 60(b) is available in situations where the excusable neglect does not arise until after the sixty day period.

### III

### The Standard for Rule 60(b)(1) Relief

In determining whether Rule 60(b) applies, courts should be mindful that the rules are to be construed to achieve the just determination of every action. Fed.R. Civ.P. 1. "It is well settled that the Feder-al Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." *Staren v. American Nat'l Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976). "[S]peaking generally, [the considerable body of federal decisions has] been in marked harmony with the proposition that 60(b) is a remedial rule to be liberally construed." 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.22[2] at 247 (2d ed. 1982) (footnote omitted). *See also id.* ¶ 60.18[8] at 216.1; ¶ 60.19 at 237.

Recently, in *In re Magouirk,* 693 F.2d 948, 951 (9th Cir.1982) we stated:

Under Rule 60(b), "excusable neglect" is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim. *Schwab v. Bullock's, Inc.,* 508 F.2d 353, 355 (9th Cir.1974); *Patapoff v. Vollstedt's, Inc.,* 267 F.2d 863, 865 (9th Cir. 1959).

On the other hand there is a compelling interest in the finality of judgments which should not lightly be disregarded. *See Matton Steamboat Co. v. Murphy,* 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943) (per curiam); *Hernandez-Rivera v. Immigration & Naturalization Service,* 630 F.2d 1352, 1354 (9th Cir.1980); *Selph v. Council of City of Los Angeles,* 593 F.2d 881, 882 (9th Cir.1979).

A recent law review article indicates that an initial trend against allowing delayed filing of appeals beyond the Rule 4(a)(5) period[2] is being replaced by a requirement

---

**1.** *E.g., Doctor v. Seaboard Coast Line R.R. Co.,* 540 F.2d 699 (4th Cir.1976) (notice of appeal mailed, but not received within 30-day limit). Other examples of excusable neglect not caused by a failure to receive notice of the entry of judgment include *Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061 (5th Cir.1979) (trial judge led counsel to believe new trial had been granted when in fact it had not been granted); *Dugan v. Missouri Neon & Plastic Advertising Co.,* 472 F.2d 944, 949 (8th Cir.1973) (late appeal filed after counsel learned of favorable appellate decision in similar case). In fact the rule formerly was limited to neglect based on failure of a party to learn of the entry of judg-ment within the thirty day period. It was amended by deleting the requirement that excusable neglect be based on "failure of a party to learn of the entry of judgment." *See* Stern, Changes in the Federal Appellate Rules, 41 F.R.D. 297, 298–99 (1966).

**2.** *See In Re Morrow,* 502 F.2d 520 (5th Cir. 1974); *Hodgson v. United Mine Workers,* 473 F.2d 118 (D.C.Cir.1972); *Lathrop v. Oklahoma City Hous. Auth.,* 438 F.2d 914 (10th Cir.) (per curiam), *cert. denied* 404 U.S. 840, 92 S.Ct. 132, 30 L.Ed.2d 73 (1971); *Weedon v. Gaden,* 419 F.2d 303 (D.C.Cir.1969); *Lord v. Helmandollar,* 348 F.2d 780 (D.C.Cir.1965) (per curiam).

of due diligence to ascertain whether the judgment has been entered, or sufficient reason for the lack of such diligence. 19 Willamette L.Rev. 609. *See also Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir.1970) (per curiam); *Fidelity & Deposit Co. v. Usaform Hail Pool, Inc.,* 523 F.2d 744 (5th Cir.1975), *cert. denied* 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976).

■ The Circuit Court for the District of Columbia has applied a more liberal standard in *Expeditions Unlim. Aquatic Ent., Inc. v. Smithsonian Institute,* 500 F.2d 808 (D.C.Cir.1974) (per curiam) stating:

> We believe that a trial court may vacate and re-enter a judgment under Rule 60(b) to allow a timely appeal when neither party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry. *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir.1970); 6A Moore's Federal Practice ¶ 60.03[9] (2nd ed. 1971).

500 F.2d at 810. *Expeditions,* in effect would reinstate the *Hill* result. We believe that in view of the amendment to the rules addressing the *Hill* decision, something additional is required. Specifically we hold that in determining whether Rule 60(b) is applicable a court should consider (1) absence of Rule 77(d) notice; (2) lack of prejudice to respondent; (3) prompt filing of a motion after actual notice; and (4) due diligence, or reason for lack thereof, by counsel in attempting to be informed of the date of the decision. *See* 19 Willamette L.Rev. at 618.

In this case there is no dispute as to satisfaction of the first three criteria. There also is no dispute as to counsel's diligence in attempting to be informed of the date of entry of judgment. Counsel, however, is chargeable with the arguably negligent acts of his secretary. *See Oregon v. Champion Intern. Corp.,* 680 F.2d 1300, 1301 (9th Cir.1982); *Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir. 1978) (per curiam). We must, therefore, review the decision of the district court that the secretary's failure to discover the entry of judgment was attributable to excusable neglect.

## IV

### Review of the District Court's Decision

■ We apply an abuse of discretion standard of review to an order granting a motion under Fed.R.Civ.P. 60(b)(1), because determination of excusable neglect is left to the sound discretion of the district court. *United States v. Russell,* 578 F.2d 806, 807 (9th Cir.1978) (per curiam); *Savarese v. Edrick Transfer & Storage, Inc.,* 513 F.2d 140, 146 (9th Cir.1975).

As we have pointed out previously the clerk failed to give notice as required by Fed.R.Civ.P. 77(d). Counsel had the docket checked repeatedly in an attempt to ascertain whether judgment had been entered, but the final entry on the docket sheet was listed out of order so that it indicated that the matter was still under advisement.

■ The failure of the clerk to give notice is not a ground, by itself, for a finding of excusable neglect. Fed.R.Civ.P. 77(d). It should, nevertheless, be considered as a factor in the totality of circumstances.[3]

---

**3.** While Rule 77(d) provides in part that the lack of notice by the clerk does not affect the time to appeal or authorize the court to relieve a party for failure to appeal within the time allowed, it contains an exception for relief permitted under Fed.R.App.P. 4(a). Rule 4(a) provides for relief for excusable neglect. The committee note to amended subdivision (d) states:

> Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in Rule 73(a) [now Fed.R.App.P. 4(a)], the court may take into account, as one of the factors affecting its decision, whether the

The manner in which the entries were listed in the docket raises a question of whether the judgment itself was properly entered. Fed.R.App.P. 4(a)(6) states that a judgment or order is entered "when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Rule 79(a) states that all orders and judgments "shall be entered chronologically in the civil docket." Here the entry of judgment was out of order so that the final docket entry indicated that the matter was taken under advisement. Nevertheless, as we have indicated, the last entry was bracketed and bore a lower number than that of its predecessor. Under these circumstances we do not believe that Rule 79(a) may be read so literally as to negate the entry of judgment. The volume of documents that must be entered in the docket and the manner in which they are received by the clerk's office, whereby some earlier orders may not be available for entry until later ones have already been docketed, make strict chronology almost impossible. Considering the bracketing and numbering, we hold that there was substantial compliance with the rule.

While there was sufficient compliance to constitute an entry of judgment, the clerk's failure to have the entries in the proper order was a factor to be considered in determining excusable neglect. Here, counsel diligently had his secretary repeatedly check the docket entry to see if judgment had been entered, and did not rely on the clerk fulfilling the duty of mailing notice. The secretary in turn checked the last entry and accurately reported that it indicated that the matter was under advisement.

We need not resolve whether the secretary's failure to check the earlier docket entries constituted neglect. If that conduct can be considered to be neglect, it certainly was within the trial court's discretion to hold that it was "excusable." [4]

We conclude that we have jurisdiction over this appeal and remand it to the original panel for disposition on the merits.

---

clerk failed to give notice as provided in Rule 77(d), or the party failed to receive the clerk's notice.

(Bracketed material added). We believe that the failure of notice may similarly be considered as a factor of excusable neglect under Fed.R.Civ.P. 60(b)(1).

4. We have previously recognized that a district court may reenter an order to preserve a right of appeal under compelling circumstances. *Kramer v. American Postal Workers Union, AFL–CIO,* 556 F.2d 929, 930 (9th Cir.1977) (per curiam).