849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. SMITH, Jr., Plaintiff-Appellant,
v.
Tony R. YOUNG (Asst. Commissioner TDOC), Davis Russell
(Asst. Dir. of Special Programs), Michael Dutton, Warden,
Lt. H. McCrary (CO), D. Hindman (Cpl., Chairman of the
Disciplinary Board), Rosa Johnson (Nurse), Ben Miller
(Counselor), J.M. O'Bane (O'Bain), Defendants-Appellees.
 No. 87-6367.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motion to dismiss and the appellant's response.
 
 
 2
 A review of the record indicates that the district court dismissed this 42 U.S.C. Sec. 1983 civil rights action on April 24, 1987. A Fed.R.Civ.P. 59(e) motion to reconsider, a motion to proceed in forma pauperis and a notice of appeal were served on May 5, 1987, and filed May 7, 1987. The Fed.R.Civ.P. 59(e) motion was denied by order entered May 27, 1987. This court docketed the appeal as number 87-5541 and dismissed it as premature on August 25, 1987. Reconsideration of this court's decision was denied on September 28, 1987. Appellant then filed in the district court a Fed.R.Civ.P. 60(b) motion for relief seeking to have the May 27 order denying the Fed.R.Civ.P. 59(e) motion vacated and reentered to permit him to file a timely notice of appeal. The district court granted the Fed.R.Civ.P. 60(b) relief, vacated the Fed.R.Civ.P. 59(e) order and denied the Rule 59(e) motion. Appellant appealed.
 
 
 3
 A Fed.R.Civ.P. 60(b) motion for relief cannot normally be used to relax the appeals period and extend the period outside the period prescribed by Fed.R.App.P. 4(a)(5). McGarr v. United States, 736 F.2d 912 (3d Cir.1984). An appellate court lacks jurisdiction if the district court abused its discretion in extending the appeals period by vacating and reentering an order. Rodgers v. Watt, 722 F.2d 456 (9th Cir.1983) (en banc).
 
 
 4
 Some courts have utilized Fed.R.Civ.P. 60(b) to extend the appeals period to avoid manifest injustice. The district court when considering such relief should consider factors such as lack of notice of the entry of the district court's order, lack of prejudice to the opposing parties, diligence of the appellant, court or clerk errors and any other circumstances which contributed to the late appeal. Zurich Ins. Co. v. Wheeler, 838 F.2d 338 (9th Cir.1988); Burkett v. Cunningham, 826 F.2d 1208 (3d Cir.1987); Hall v. Community Health Center of Beaver County, 772 F.2d 42 (3d Cir.1985); Rodgers, 722 F.2d at 460.
 
 
 5
 There is no manifest injustice in this case which justifies the utilization of Fed.R.Civ.P. 60(b) to extend the appeals period beyond that permitted by Fed.R.App.P. 4(a)(5). Appellant was aware of the jurisdictional defect which can be created by filing a Rule 59(e) motion and a notice of appeal at the same time as evidenced by the dismissal of appeal number 84-5278, one of his prior appeals, as premature. None of the factors justifying Fed.R.Civ.P. 60(b) relief are present.
 
 
 6
 It is ORDERED that the motion to dismiss be granted and the appeal be dismissed. Rule 8, Rules of the Sixth Circuit.