856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carmen WILLIAMS, Petitioner-Appellant, Cross-Appellee,
v.
Dorothy ARN, Supt., Respondent-Appellee, Cross-Appellant.
 Nos. 88-3241, 88-3330.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the district court record and the files of this court indicate that the district court judgment was entered June 13, 1986, and appellant filed a four day late notice of appeal on July 18, 1986 (appeal number 86-3711). This court directed that the jurisdictional issue in appeal number 86-3711 be briefed and referred that issue to the hearing panel. Appellant then sought to perfect appeal number 86-3711 in the district court by filing on December 22, 1986, a motion seeking extension of time pursuant to Fed.R.App.P. 4(a)(5), for entry of a nunc pro tunc order determining that the notice of appeal was timely, or for Fed.R.Civ.P. 60(b) relief by vacating the judgment and reentering it. On February 9, 1987, the district court granted the motion for Fed.R.Civ.P. 60(b) relief by vacating the decision and reinstating it nunc pro tunc as of July 18, 1986. After appellant filed a petition for rehearing en banc of this court's decision dismissing appeal number 86-3711, he filed in the district court a motion to effectuate the order granting 60(b) relief by validating the July 18, 1986, notice of appeal and allowing the appeal to proceed. This court denied the rehearing and issued the mandate in August of 1987. By order of March 11, 1988, the district court granted appellant's motion to effectuate the February 9, 1987, Rule 60(b) order and directed that the district court clerk prepare the case for filing on the basis of the July 18, 1986, notice of appeal. The July 18, 1986, notice of appeal originally filed as appeal number 86-3711 was redocketed on March 22, 1988, as appeal number 88-3241. A notice of cross appeal filed April 11, 1988, was docketed as appeal number 88-3330.
 
 
 3
 A Fed.R.Civ.P. 60(b) motion for relief cannot normally be used to relax the appeals period and extend the period outside the period prescribed by Fed.R.App.P. 4(a)(5). McGarr v. United States, 736 F.2d 912, 918 (3d Cir.1984). An appellate court lacks jurisdiction if the district court abused its discretion in extending the appeals period by vacating and reentering an order. Rodgers v. Watt, 722 F.2d 456, 458 (9th Cir.1983) (en banc).
 
 
 4
 Some courts have utilized Fed.R.Civ.P. 60(b) to extend the appeals period to avoid manifest injustice. The district court when considering such relief should consider factors such as lack of notice of the entry of the district court's order, lack of prejudice to the opposing parties, diligence of the appellant, court or clerk errors and any other circumstances which contributed to the late appeal. Zurich Ins. Co. v. Wheeler, 838 F.2d 338, 340 (9th Cir.1988); Burkett v. Cunningham, 826 F.2d 1208, 1217 (3d Cir.1987); Hall v. Community Mental Health Center, 772 F.2d 42, 45 (3d Cir.1985); Rodgers, 722 F.2d at 460.
 
 
 5
 There is no manifest injustice in this case which justifies the utilization of Fed.R.Civ.P. 60(b) to extend the appeals period beyond that permitted by Fed.R.App.P. 4(a)(5). Counsel received notice of entry of the district court's judgment and there were no errors of the court or clerk which contributed to the late appeal. Counsel in his August 18, 1986, response to an order of this court in appeal number 86-3711 blamed the filing of the late appeal on his error in misreading the file date of the opinion. Although he explained to this court that he prepared the notice of appeal within a week; he, for some unknown reason, waited until what he computed to be the last day of the appeals period to file the notice of appeal. Such does not show diligence of counsel. Also, counsel was in error for relying on the file date of the opinion for computing the appeals period in addition to the error of misreading the file date. Fed.R.App.P. 4(a)(1) provides that the time for filing a notice of appeal begins to run from entry of judgment. Diamond v. McKenzie, 770 F.2d 225, 227-28 (D.C.Cir.1985) (per curiam). Counsel did not claim that he misread the file date of the judgment. If he had checked with the district court, the docket sheet reflects the file date of the opinion and judgment and the date of entry of those documents on the district court docket sheet. None of the factors justifying Fed.R.Civ.P. 60(b) relief are present.
 
 
 6
 It is ORDERED that appeal numbers 88-3241 and 88-3330 be and hereby are dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.