956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Geoffery Alan TERRY, Defendant-Appellant.
 No. 89-35164.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 5, 1992.
 
 1
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and FONG**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Geoffrey Alan Terry (Terry) pled guilty on January 30, 1987, to conspiracy to commit bank robbery (Count I) and possession and receipt of stolen bank funds (Count III). Pursuant to the terms of the plea agreement, Count II, alleging bank robbery, was dismissed. Terry filed a direct appeal from the judgment of conviction.
 
 
 4
 On October 31, 1988, Terry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petition was denied. Terry appeals from the denial of his petition. In his petition for habeas corpus relief, Terry asserted that he was denied effective assistance of counsel and that there were factual errors in the sentencing proceeding. We lack jurisdiction to hear this appeal because the notice of appeal was untimely.
 
 
 5
 The district court's order denying relief on Terry's federal habeas corpus claim was entered on November 14, 1988. Terry did not receive notice of the order denying his habeas corpus petition until February 9, 1989, 87 days after the entry of the order. Terry filed a notice of appeal on February 22, 1989, 100 days after the entry of order denying his petition for a writ of habeas corpus.
 
 
 6
 Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the time to appeal from an order denying a petition for habeas corpus is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. Rule 4(a) provides that in civil actions in which the United States is a party, a notice of appeal must be filed within 60 days after the date of entry of the judgment or order. Fed.R.App.P. 4(a). Terry did not file a notice of appeal within 60 days of the entry of the order denying his petition for a writ of habeas corpus.
 
 
 7
 Under Rule 4(a)(5), the district court may "upon a showing of excusable neglect or good cause" extend the time for filing a notice of appeal upon a motion filed within 30 days after the expiration of the time prescribed in Rule 4(a). Fed.R.App.P. 4(a)(5). Terry had three days after receiving notice of the entry of judgment to request an extension of time for filing a notice of appeal. Terry failed to file for an extension of time pursuant to Rule 4(a)(5).
 
 
 8
 Because the limitations on the time in which an appeal may be taken are mandatory and jurisdictional, we lack jurisdiction to consider this appeal. Rodgers v. Watt, 722 F.2d 456, 457-58 (9th Cir.1983) (en banc).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Harold M. Fong, Chief Judge, United States District Court for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3