977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel Lynn BALL, Plaintiff-Appellant,
v.
Sherman HATCHER, State of Nevada, et. al., Defendants-Appellees.
 No. 91-16912.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Oct. 2, 1992.
 
 Before ALARCON, BOOCHEVER and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel Lynn Ball appeals from the order denying his motion for an enlargement of time. We reverse and remand to the district court for further proceedings to determine if the allegations in Ball's affidavit are true, and if so, whether they demonstrate that his failure to file a timely opposition to the appellees' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was excusable.
 
 I.
 
 3
 On June 20, 1991, Ball filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleged that the appellees had violated his civil rights. On July 25, 1991, the appellees filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ball failed to file an opposition to this motion. On August 20, 1991, the district court entered an order granting the appellees' motion to dismiss for failure to file a memorandum of points and authorities within 15 days of the filing of the motion to dismiss as required by Local Rules of Practice for the United States District Court for the District of Nevada.[1] The court, relying on Local Rule 140-6 of the Local Rules of Practice for the United States District Courts for the District of Nevada[2], construed Ball's failure to file a timely opposition to the motion to dismiss as consent to the granting of the appellees' motion. Ball did not file a notice of appeal from this final judgment.
 
 II.
 
 4
 On October 15, 1991, Ball filed a motion to enlarge the time to file a response to the appellees' motion to dismiss pursuant to Rule 12(b)(6). Ball also submitted an affidavit setting forth his excuse for failing to comply with the requirement that he file an opposition within 15 days.
 
 
 5
 Ball alleged that he was transferred from the Southern Desert Correctional Center to Nevada State prison on August 15, 1991. On August 16, 1991, he was placed in a maximum lockdown unit for protective reasons. He remained in the lockdown unit until September 9, 1991 when he was transferred to the Northern Nevada Correctional Center. In the Northern Nevada Correctional Center, Ball was again placed in a lockdown unit until September 16, 1991. On that date, he was returned to the general prison yard of the Northern Nevada Correctional Center.
 
 
 6
 Ball also alleged the following facts to demonstrate that external circumstances precluded him from complying with the 15-day time limit:
 
 
 7
 [S]ince having left S.D.C.C. and the period prior, until August 9, 1991, that affiant has suffered from undue harassment including, but not limited to, being denied proper medical care, being denied proper medication, being denied access to the law library and properly trained individuals in law, being denied legal calls, (Judge Gamble in Minden, Nevada, ordered the Nevada State prison, on August 27, 1991, not to stop anymore legal calls to my criminal attorney), being unduly locked down, being denied my mail (including both legal and personal) being treated in a physical way that was excessive by use of restraints, having my legal papers and documents separated from affiant at different times, and having my rights of confidentiality of legal matters violated.
 
 
 8
 (emphasis added).
 
 
 9
 "In civil rights cases, where the plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). While inartfully worded, Ball's affidavit appears to allege that he was unable to comply with the local rules in "the period prior" to August 9, 1991, and until he filed his motion for enlargement, because he was denied proper medical care and medication, as well as access to the law library and legal assistance. Ball also alleges that he was unable to file in a timely manner because of excessive use of physical restraints, and denial of access to his legal papers. Ball's factual representations are uncontradicted in the present record.
 
 
 10
 The district court entered an order denying Ball's motion for enlargement of time on December 3, 1991. Ball appealed from this order on December 18, 1991.
 
 III.
 
 11
 Ball's motion for an enlargement of time was filed pursuant to Rule (6)(b)(2) of the Federal Rules of Civil Procedure. Rule (6)(b)(2) permits enlargement of any period of time prescribed by local rules "where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b)(2). We must therefore determine whether the district court abused its discretion in concluding that Ball failed to set forth facts in his affidavit that demonstrate excusable neglect. Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668, 675 (9th Cir.1975). The "determination of excusable neglect is left to the sound discretion of the district court." See Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc) (discussing the excusable neglect standard in the context of Rule 60(b)(1)). Under the abuse of discretion standard, we must affirm "unless we are left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors." United States v. BNS, Inc. 858 F.2d 456, 464 (9th Cir.1988) We cannot simply substitute our judgment for that of the district court. Id.
 
 IV.
 
 12
 In its denial of Ball's first motion for an enlargement of time, the district court merely stated that Ball's affidavit "does not demonstrate a sufficient justification for Plaintiff's failure to respond to Defendants' Motion to Dismiss within fifteen days after the motion was filed." On December 4, 1991, Ball filed a second motion for an enlargement of time to file an opposition to the appellees' motion to dismiss pursuant to Rule 12(b)(6). He attached an affidavit to the December 4, 1991 motion that is identical to the one he had filed in support of his first motion. The district court denied the second motion on December 30, 1991 for the following reasons:
 
 
 13
 Plaintiff alleges in his Affidavit that various circumstances which occurred after August 9, 1991, including being removed from stress medication and being placed in lockdown, kept him from filing a timely response to Defendant's Motion to Dismiss. However, to have been timely, a response would need to have been filed by August 9, 1991. Further, the court does not perceive that the conditions described in Plaintiff's Affidavit justify his complete failure to file some response to the Motion to Dismiss for over two and one-half months. It appears from Plaintiff's Affidavit that all the conditions which Plaintiff alleges hampered his ability to diligently pursue this action ceased by September 16, 1991. Nonetheless, Plaintiff waited over twenty more days before filing his Motion for Enlargement of Time.
 
 
 14
 In order for Ball's response to the appellees' July 25, 1991 motion to dismiss pursuant to Rule 12(b)(6) to have been timely under Local Rule 140-4, it should have been filed by August 9, 1991. The district court's finding that only circumstances occurring "after August 9, 1991 ... kept [Ball] from filing a timely response to Defendant's Motion to Dismiss" is unsupported by the record. Ball alleged that the conditions that prevented him from complying with the 15-day time limit existed during the period prior to August 9, 1991.
 
 
 15
 The district court also erroneously concluded that all of the adverse conditions Ball alleged in his affidavit had ceased by September 16, 1991. Ball alleged that the restrictions on his ability to file a motion for enlargement of the time to file an opposition continued unabated after he left the Southern Desert Correctional Center.
 
 V.
 
 16
 In his reply brief in this proceeding, Ball asserts for the first time that he did not receive the appellees' motion to dismiss until July 30, 1991. In his October 15, 1991 motion for enlargement for time, however, Ball requested an extension of time "in which to file a response to motion to dismiss, filed on July 25, 1991." (emphasis added). Ball's failure to present this fact to the district court in a proper manner precludes us from accepting this representation as true. See Andersen v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987) (an appellate court will not consider issues requiring the development of new facts where those issues were not raised before the district court).
 
 VI.
 
 17
 To justify its determination that Ball had not demonstrated the diligence necessary to show excusable neglect, the district court relied on the fact that Ball had not filed his motion to enlarge time until twenty days after all of the adverse conditions had ceased. Ball mailed his Rule 6(b)(2) motion on October 9, 1991. Since he alleged that the manner of his confinement and the restrictions imposed on him prevented him from filing a motion for enlargement of time to file an opposition "since having left the S.D.C.C.," the district court's finding is not supported by the record. Because the district court's findings based on its reading of Ball's affidavit are clearly erroneous, it abused its discretion in denying the motion for an enlargement of time. Accordingly, we reverse the order denying the motion for enlargement of time with directions that the district court conduct further proceedings to determine if the factual allegations in Ball's affidavit are true, and if so, whether they demonstrate excusable neglect for his failure to file a timely opposition to the appellees' motion to dismiss.
 
 
 18
 REVERSED and REMANDED with directions.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Local Rule 140-4 of the Local Rules of Practice for the United States District Courts for the District of Nevada allows a party fifteen days in which to file an opposition to a motion
 
 
 [2]
 Local Rule 140-6 states in pertinent part: The failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to granting of the motion