15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jack C. SMITH, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 92-16103.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Jan. 27, 1994.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and HUFF,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Jack Smith brought this wrongful termination action against his former employer, the United States Postal Service. Smith contended that he had been improperly discharged because of his physical handicap, in violation of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701 et seq. The district court, adopting the findings and conclusions of law of a magistrate, rendered judgment against him.[1] Approximately five-and-a-half months after judgment was entered, Smith moved the district court to reopen the time for filing a notice of appeal or to vacate and reenter the judgment. The district court denied this motion, and Smith appeals. We affirm.
 
 BACKGROUND
 
 4
 The district court entered judgment on July 19, 1991. Although Smith's local counsel in San Francisco received notice of the entry of judgment, his "lead" counsel in Washington, D.C., failed to receive such notice. Allegedly because the court sent all previous communications to both attorneys, Smith's local counsel failed to inform lead counsel of the entry of judgment. Under Fed.R.App.P. 4(a)(1), Smith had sixty days to file notice of appeal. The district court had the power to extend this period for a maximum of thirty days. Fed.R.App.P. 4(a)(5). Because Smith failed to file notice of appeal within the original sixty-day period or request an extension of time, his possibility of appeal was extinguished in September 1991.
 
 
 5
 On December 1, 1991, Rule 4(a)(6) of the Federal Rules of Appellate Procedure became effective. Rule 4(a)(6) gave district courts a much greater period of time in which they may reopen the time for appeal. According to the new provision, if a party failed to receive notice of the judgment and the party files a motion within 180 days of the entry of judgment, the court has discretion to reopen the time for 14 days.
 
 
 6
 Five-and-a-half months after the entry of judgment, the defendant's attorney called Smith's lead counsel on a related matter and mentioned the judgment. This apparently was the first time Smith's lead counsel had heard about it. One week later, on January 9, 1992, Smith's lead counsel moved the district court to extend the time to appeal under Fed.R.App.P. 4(a)(6) or in the alternative to vacate and reenter the judgment under Fed.R.Civ.P. 60(b)(1) or (6). The motion was filed within the 180-day period permitted by the new rule. The district court denied the motion.
 
 DISCUSSION
 
 7
 I. Reopening the Time for Appeal Under Rule 4(a)(6).
 
 
 8
 Smith contends that amended Rule 4(a)(6) applies, even though his opportunity for an extension of time to appeal had expired while the prior version of the Rule was still in effect. Smith argues that the new version of the Rule resurrects his opportunity, because his motion was made within 180 days of judgment, as the amended Rule specifies. He also contends that the district court abused its discretion in denying relief under the amended Rule.
 
 
 9
 The government, not surprisingly, objects to Smith's attempt to apply the amended Rule "retroactively." We need not decide, however, whether the amended Rule extends to cases such as Smith's, because we conclude that Smith could not obtain relief even if amended Rule 4(a)(6) applies.
 
 
 10
 For a party to obtain relief under amended Rule 4(a)(6), he first must show that he failed to receive adequate notice. Each party is considered to have notice of all facts of which his attorney is on notice. Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962), citing Smith v. Ayer, 101 U.S. 320, 326 (1879). Where a party has two counsel of record, notice to one counsel sufficiently informs a party of an entry of judgment. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986).
 
 
 11
 Smith does not dispute that his local counsel received a copy of the notice of entry of judgment.[2] Under Link and Alaska Limestone, Smith had notice and, thus, the district court was precluded from granting relief under Rule 4(a)(6). Consequently, the district court could not have abused its discretion in denying Rule 4(a)(6) relief.
 
 
 12
 II. Reentry of Judgment Under Rules 60(b)(1) and (6).
 
 
 13
 Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." (Emphasis added).
 
 
 14
 In Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc), this court permitted a prospective appellant whose opportunity to appeal pursuant to Rule 4(a) had expired to obtain relief under Rule 60(b), by vacating the judgment and entering a new judgment from which timely appeal could be taken. We recognized, however, that this use of Rule 60(b) threatened the integrity of the deadline imposed by Rule 4(a). Id. at 459. Accordingly, we held "that Rule 60(b) is available in situations where the excusable neglect does not arise until after the sixty day period" specified in Rule 4(a). Id.
 
 
 15
 Smith's appeal does not meet this last requirement. Judgment was entered on July 18, 1991. Smith's local counsel received notice of the judgment on July 23, 1991. The neglect in failing to file a notice of appeal consequently arose prior to the expiration of the period specified in Rule 4(a) both for appeal and for extension of time to appeal. Smith is therefore precluded from relief under Rule 60(b)(1) by our holding in Rodgers.[3]
 
 
 16
 Smith also appeals the district court's failure to grant relief for "any other reason justifying relief" as contained in Rule 60(b)(6). Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, however. See Pioneer Investment, 113 S.Ct. at 1497. "If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." Id. Relief under Rule 60(b)(6) requires a party to "show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." Id. Such relief "normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993). Smith consequently cannot qualify for Rule 60(b)(6) relief; his counsel's neglect does not qualify as a circumstance beyond Smith's control.
 
 CONCLUSION
 
 17
 The district court did not err in denying relief under Fed.R.App.P. 4(a), nor did it abuse its discretion in denying relief pursuant to Fed.R.Civ.P. 60(b). The judgment of the district court is
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 This was the second judgment entered against Smith. We overturned the first judgment because the district court, after rejecting Smith's attempt to file overly-lengthy objections to the magistrate judge's report, had then refused to permit Smith to file a late set of shortened objections. Smith v. Frank, 923 F.2d 139 (9th Cir.1991)
 
 
 [2]
 Smith asserts that he had relied on the court's consistent practice of sending all communications to lead counsel and argues that he received no adequate notice when the court mailed the entry of judgment to his local counsel only. This argument fails under Link and Alaska Limestone. Although the Link rule of constructive notice may seem harsh in some circumstances, it is not harsh here. The local rules of the district court required Smith to designate local counsel "upon whom copies of pleadings may be served and with whom the judge and opposing counsel may communicate concerning the conduct of the action." N.Dist.Cal.L.R. 110-2(a). If the district court was required to communicate with out-of-town counsel to give adequate notice, the rule requiring designation of local counsel would be of little use to the district court
 
 
 [3]
 It is also most unlikely that the neglect of Smith's attorneys could be found "excusable." Under Rodgers, the fact of actual notice, and the lack of due diligence by lead counsel who failed to inquire for six months, would count against Smith. Rodgers, 722 F.2d at 460. Even under the somewhat relaxed standard of "excusable neglect" applied by the Supreme Court in a bankruptcy context, a finding of excusable neglect was affirmed primarily because of a deficiency in the notice given to counsel. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 113 S.Ct. 1489, 1498 (1993). Moreover, the attorneys in Pioneer missed the deadline by a mere 20 days, not six months