145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard H. BLUM; Eva M. Blum, Plaintiffs-Appellants,
v.
STATE Farm Fire and Casualty Company; State Farm General
Insurance Company, Defendants-Appellees.
 No. 96-16992.
D.C. No. CV-96-00259-CAL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1997.
Decided May 19, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges and DWYER, District Judge.** 
 
 
 3
 MEMORANDUM*
 
 
 4
 Richard and Eva Blum appeal the dismissal of their suit against State Farm Fire & Casualty Company and State Farm General Insurance Company (collectively "State Farm"). They sued State Farm for failure to defend the underlying suit brought against the Blums by purchasers of their property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 5
 The duty of an insurer to defend is broader than the duty to indemnify. See Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993); Gray v. Zurich Ins. Co., 65 Cal.2d 263, 276-77, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). The insurer has a duty to defend whenever there is any potential for liability within the scope of the insurance policy. See Gray, 65 Cal.2d at 276-77, 54 Cal.Rptr. 104, 419 P.2d 168. Where there is no possibility of coverage, however, there is no duty to defend. See Miller v. Western Gen. Agency, Inc., 41 Cal.App.4th 1144, 1152, 49 Cal.Rptr.2d 55 (1996).
 
 
 6
 (a)
 
 
 7
 Appellants argue that their personal liability umbrella policies covered the claims against them in the underlying complaint. The policies, however, limit coverage to liability resulting from a "loss," which was defined as an "accident." Under California law, insurance coverage limited to liability from an accident does not extend to claims based on misrepresentations or a failure to disclose. See Miller, 41 Cal.App.4th at 1149, 49 Cal.Rptr.2d 55. Therefore, most of the claims against the Blums in the underlying complaint were not covered by the umbrella policies because they were based either on alleged misrepresentations or on failures to disclose.
 
 
 8
 The remaining two claims are titled "negligence" and "negligent infliction of emotional distress." Despite their titles, they are both based squarely on the contract between the Blums and the underlying plaintiffs. Specifically, the duty element in both claims could only arise from the contractual relationship. California courts have definitively held that the language "legally obligated to pay damages" in an insurance contract limits coverage to tort liability only, prohibiting coverage of contract liability. See, e.g., Fragomeno v. Insurance Co. of the West, 207 Cal.App.3d 822, 828, 255 Cal.Rptr. 111 (1989); Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618 (9th Cir.1996) (interpreting California law). Under California law, a claim sounds in contract, not tort, when it is dependent on the existence of an underlying contract. See Insurance Co. of the West v. Haralambos Beverage Co., 195 Cal.App.3d 1308, 241 Cal.Rptr. 427 (1987); Stanford Ranch, 89 F.3d at 625. The "negligence" and "negligent infliction of emotional distress" claims were based on the underlying land sale contract; therefore, they sound in contract, not tort, and are not covered by the umbrella policies.
 
 
 9
 (b)
 
 
 10
 The Blums also argue that the homeowners insurance policies covered the underlying claims. As previously discussed, most of the claims against the Blums were based on either misrepresentations or failure to disclose and, therefore, do not fall within the definition of "occurrence" as an "accident." See Miller, 41 Cal.App.4th at 1149, 49 Cal.Rptr.2d 55.
 
 
 11
 Similarly, the claim for negligent infliction of emotional distress was not covered by the policy because that policy only covered damages for "bodily injury or property damage," the definition of which explicitly excluded emotional distress.
 
 
 12
 Appellants attempt to characterize the negligence claim as a "negligent construction" claim based in tort, not contract. The technical legal title of a claim is not controlling; rather, the court must look at the underlying facts on which the claim is based. See Wilmington Liquid Bulk Terminals, Inc. v. Somerset Marine Inc., 53 Cal.App.4th 186, 193-94, 61 Cal.Rptr.2d 727 (1997), rev. den. May 21, 1997; Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1365 (9th Cir.1991); Chmura v. Allstate Ins. Co., 1997 WL 431093 (C.D.Cal.).
 
 
 13
 The "negligence" claim in the underlying complaint was based on the same facts as the other claims: a contractual duty to disclose, a failure to disclose, and misrepresentations. Therefore, it was based on a breach of the contractual duty to disclose. See Allstate Ins. Co. v. Hansten, 765 F.Supp. 614, 616 (N.D.Cal.1991) (reaching the same conclusion on identical facts). Because an occurrence-based liability policy does not cover contract claims, the negligence claim was not covered by the homeowners policy.
 
 
 14
 In addition, the negligence claim was not a claim for damages "caused by an occurrence," because negligent misrepresentations are not "occurrences" within the meaning of insurance liability policies. See Miller, 41 Cal.App.4th at 1150, 49 Cal.Rptr.2d 55; Chatton v. National Union Fire Ins. Co., 10 Cal.App.4th 846, 861, 13 Cal.Rptr.2d 318 (1992); Safeco Ins. Co. v. Andrews, 915 F.2d 500, 502 (9th Cir.1990). Therefore, the negligence claim was not covered by the Blums' homeowners policies.
 
 
 15
 Because the underlying complaint did not state a claim covered by State Farm's policies with the Blums, State Farm did not have a duty to defend the Blums. The district court's dismissal of the duty to defend action against State Farm is affirmed.
 
 II.
 
 16
 Appellants ask this court to hold that the district court improperly dismissed their entire action when it dismissed their duty to defend claim against State Farm. In addition to their duty to defend claim, Appellants asserted a variety of claims based on breach of contract.
 
 
 17
 California law is clear: when there is no potential for coverage under an insurance policy (and therefore no duty to defend), there cannot be an action for breach of the implied covenant of good faith and fair dealing. See Waller v. Truck Ins. Exch., 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995). Moreover, when there is no duty to defend, a lengthy delay cannot constitute bad faith. See Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 1153, 271 Cal.Rptr. 246 (1990). These holdings support the dismissal of all Appellants' claims, because they are based on the presumption of a contractual duty to defend. Without such a duty, none of their claims have merit.
 
 III.
 
 18
 Appellants also request the court to find that the district court clerk's decision not to enter a default judgment was erroneous. Although the clerk should have entered a default judgment under Federal Rule of Civil Procedure 66(a), the error was harmless under Rule 61. Our refusal to set aside the judgment is not "inconsistent with substantial justice," Fed. R. Civ. Pro. 61, given that Appellants have not shown prejudice or an effect on their "substantial rights" from the failure to enter default.
 
 IV.
 
 19
 Appellants also ask us to find that the district court erred by allowing State Farm an extension of time to file its responsive pleading in federal court. A district court may extend the filing time after the time has expired when the failure to file was the result of excusable neglect. See Fed. R. Civ. Pro. 6(b)(2). The district court's decision to grant a time extension under Rule 6(b)(2) is reviewed for an abuse of discretion. See Fed. R. Civ. Pro. 6(b).
 
 
 20
 Although the district court did not make an explicit finding of excusable neglect in its order, it did find "good cause." The district court thus implicitly found excusable neglect in its grant of a time extension. The district court had a valid basis for a finding of excusable neglect in the declaration from State Farm's counsel describing the reason for the failure to file a response. Appellants have made no showing of prejudice, State Farm made a prompt motion for an extension of time once counsel had actual notice of the deadline, and State Farm produced evidence of a valid reason for delay. See Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc) (holding that these are three of the four factors to consider in excusable neglect under Rule 60(b)).
 
 
 21
 Given that "there is a compelling interest in the finality of judgments which should not lightly be disregarded," Rodgers, 722 F.2d at 459, we will not now set aside the judgment of the district court on the merits because its finding of excusable neglect was not explicit. Appellants have failed to make a showing of an abuse of discretion by the court.
 
 
 22
 AFFIRMED.
 
 
 
 **
 Hon. William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3