**Christopher J. STEPHANN,**
**Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of**
**Social Security Administration,**
**Defendant—Appellee.**

No. 06–55548.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 17, 2008.

---

\* Michael J. Astrue, who was sworn in as Commissioner of the Social Security Administration on February 12, 2007, is substituted as the defendant-appellee pursuant to Fed. R.App. P. 43(c)(1).

John Ohanian, Esq., John Ohanian, Esq, Attorney at Law, Palos Verdes Peninsula, CA, for Plaintiff–Appellant.

Donna M. Montano, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

### MEMORANDUM **

Christopher Stephann appeals the district court's order denying his motion to reopen the proceedings below. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

■ We lack jurisdiction to address Stephann's contentions regarding the district court's dismissal and entry of judgment because Stephann failed to file a notice of appeal within 60 days of entry of judgment. Fed. R.App. P. 4(a)(1)(B). Accordingly, the scope of Stephann's appeal is limited to the order denying the motion to reopen.

Stephann's motion to reopen, purportedly based on Federal Rules of Civil Procedure 12(b)(1) and (6), is properly construed as a motion for relief from judgment based on Federal Rule of Civil Procedure 60(b). *Cf. Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463 n. 35 (9th Cir.1992) ("An untimely motion for reconsideration is construed as a motion based on Fed. R.Civ.P. 60(b).").

■ The district court abused its discretion when it denied Stephann's motion to reopen for failure to properly file his case within the 60–day period, because this denied Stephann an opportunity to have his case reviewed on the merits. *See Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983) (holding that Federal Rule of Civil Procedure 60(b) should be liberally construed so that cases are heard on the merits and not hampered by technical problems).

**REVERSED AND REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.