Michael G. WYSTRACH;  et al., Plaintiffs—Appellants,

v.

Jeffrey CIACHURSKI;  et al., Defendants—Appellees.

No. 05–16668.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 26, 2007.

Filed Feb. 20, 2008.

Jeffrey Greenberg, Esq., Leonard Felker Altfeld Greenberg & Battaile, P.C., Tucson, AZ, for Plaintiffs–Appellants.

Dennis A. Rosen, Esq., Tucson, AZ, for Defendants–Appellees.

Before: GIBSON *, BERZON, and BEA, Circuit Judges.

MEMORANDUM **

Plaintiffs Michael and Grace Wystrach appeal the district court's order (1) denying plaintiffs' motion to enlarge their time to respond to defendants' motion to dismiss and (2) summarily granting defendants' motion to dismiss, because plaintiffs failed timely to respond. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### A. Plaintiffs' Motion to Enlarge Their Time to Respond

Federal Rule of Civil Procedure 6(b) authorizes a court to permit upon motion the late filing of a response to a motion where the failure timely to file was the result of "excusable neglect." This court reviews the district court's denial of a motion to enlarge time for abuse of discretion, *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir.2004), and the "determination of excusable neglect is left to the sound discretion of the district court." *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983).

The district court did not abuse its discretion in applying the factors to be considered in determining excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The district court found the length of delay in responding to the motion—more than 100 days—and the reason for the delay—counsel's failure to enter the response deadline in his calendaring system—outweighed the lack of prejudice to defendants caused by the delay and plaintiffs' good faith. The court acted within its discretion in determining that counsel's excuse—time pressures of preparing for a preliminary injunction hearing—failed to make the neglect excusable.

### B. Defendants' Unopposed Motion to Dismiss

The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond. Local Rule 7.2(i) of the Rules of Practice of the United States District Court for the District of Arizona authorizes a court to dispose summarily of a motion, if the non-moving party fails to serve and file the required answering memorandum. "[S]uch non-compliance may be deemed a consent to the denial or

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

granting of the motion. . . ." LRCiv. 7.2(i).

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). Before doing so, however, the district court is required to weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* Because the district court did not weigh these factors explicitly, we review the record independently to determine whether the district court abused its discretion. *Id.* at 54.

### 1. Public's interest in expeditious resolution of litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999). Accordingly, we find this factor weighs in favor of dismissal.

### 2. Court's need to manage its docket

After removal to the district court, there was no activity on plaintiffs' case until the court took action and issued an order to show cause, consuming court resources. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002) (finding this factor weighed in favor of dismissal where plaintiffs' habeas corpus petition "consumed some of the court's time that could have been devoted to other cases on the docket"). "Because the district judge was in a superior position to evaluate the effects of delay on [its] docket, we find that this factor strongly favors dismissal." *Yourish*, 191 F.3d at 991 (citation omitted).

### 3. Risk of prejudice to the defendants

Although the pendency of a lawsuit and limited delays alone are not sufficiently prejudicial to warrant dismissal, we will find prejudice to defendants where plaintiffs' "paltry excuse" renders a delay "unreasonable." *Yourish*, 191 F.3d at 992 (plaintiffs' poor excuse for default "indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal"); *Pagtalunan*, 291 F.3d at 643. Plaintiffs' excuse for the delay—counsel losing track of and forgetting about defendant's motion—created an "unreasonable" delay of more than 100 days, resulting in prejudice to defendants. *Pagtalunan*, 291 F.3d at 643. This factor weighs in favor of dismissal.

### 4. Public policy favoring disposition of cases on their merits

Because public policy favors disposition of cases on their merits, this factor weighs against dismissal. *Id.*

### 5. Availability of less drastic sanctions

Less drastic sanctions short of outright dismissal—such as a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition—were available, but the district court failed to discuss or consider them. This factor weighs against dismissal.

With three factors weighing in favor of dismissal and two factors weighing against it, we cannot say the district court committed a clear error of judgment in weighing the factors. *Pagtalunan*, 291 F.3d at 643 (accord). Our decision is further informed by the fact that the district court dismissed the case pursuant to a local rule permitting the court summarily to grant an unopposed motion. "Only in rare cases

will we question the exercise of discretion in connection with the application of local rules. This is not one of those infrequent cases." *United States v. Warren*, 601 F.2d 471, 474 (9th Cir.1979).

Plaintiffs' further arguments for why the district court abused its discretion in granting defendants' motion fail.

■ Plaintiffs argue that the district court was required to examine the merits of the motion and the relevant documents before it, including the complaint and plaintiffs' memorandum in support of their preliminary injunction motion. The argument is foreclosed by our decision in *Ghazali v. Moran*, 46 F.3d 52 (9th Cir.1995), in which we refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule. *Ghazali*, 46 F.3d at 53.

■ Further, plaintiffs' argument that the district court should have treated their earlier-filed memorandum in support of a preliminary injunction as the opposition to the motion to dismiss fails. It would be unreasonable to require a court adjudicating a motion to locate and consider any previously-filed paper that might address an issue in a pending motion.[1]

**AFFIRMED.**

---

1. The joint motion to supplement the record is denied as moot.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.